Case No. 24-5351

United States Court of Appeals for the Sixth Circuit

ANDREW COOPERRIDER and DEANS DINER, LLC, dba Brewed
Plaintiffs-Appellants

v.

MAGGIE WOODS, Malt Beverage Administrator with the Kentucky
Department of Alcoholic Beverage Control; ANDREW BESHEAR,
Governor of Kentucky; RAY PERRY, Secretary of the Public Protection
Cabinet; ALLYSON TAYLOR, Commissioner of the Kentucky
Department of Alcoholic Beverage Control; WESLEY WARDEN DUKE,
General Counsel of the Kentucky Cabinet for Health and Family
Services; JOSHUA NEWTON, General Counsel of the Kentucky
Department of Alcoholic Beverage Control, in their individual and
official capacities
Defendants-Appellees

On Appeal from the United States District Court for the Eastern
District of Kentucky at Lexington, Civil Action No. 3:22-CV-0016

## BRIEF OF APPELLEE JOSHUA NEWTON

Jennifer Wolsing
Public Protection Cabinet
500 Mero St., Fl. 2
Frankfort, KY 40601
Phone: (502) 782-2736
jennifer.wolsing@ky.gov
*Attorney for Newton*

# TABLE OF CONTENTS

**TABLE OF CONTENTS**..................................................................................i

**TABLE OF AUTHORITIES**..........................................................................iv

**STATEMEdNT IN OPPOSITION TO ORAL ARGUMENT**............vii

**STATEMENT OF ISSUES**..........................................................................1

**STATEMENT OF THE CASE**....................................................................2

**I. Governor Beshear issued Executive Order 2020-968.**..................2

**II. Appellants received a suspension and notice of violation.**......3

**III. Appellants received a full and fair administrative hearing.**..4

**SUMMARY OF THE ARGUMENT**............................................................5

**ARGUMENT**..................................................................................................6

**I. The District Court correctly held that Joshua Newton is entitled to absolute prosecutorial immunity.**..................................6

  A.    Standard of Review..................................................................6

  B.    *Butz* grants absolute immunity to Newton for continuing a proceeding subject to agency adjudication.............................6

  C.    The Cleavinger factors support absolute immunity....................8

D. A state official who initiates or continues an agency proceeding is entitled to absolute immunity. ............................................................13

**II. The District Court correctly held that Joshua Newton is entitled to qualified immunity.**........................................................14

A. Standard of Review ....................................................................14

B. Appellants did not allege a First Amendment retaliation claim.15

1. Appellants did not establish that they suffered an adverse action. ............................................................................................15

2. Appellants did not establish a causal connection. ........................17

C. Appellants did not allege a procedural Due Process claim. ........20

D. Appellants did not allege a substantive Due Process claim........22

**III. The District Court correctly held that the Eleventh Amendment bars Appellants' declaratory and injunctive relief claims.** ...............................................................................................24

A. Standard of Review ....................................................................24

B. *Ex Parte Young* does not apply to this case. ...............................24

**CERTIFICATE OF COMPLIANCE**................................................26

**CERTIFICATE OF SERVICE**................................................................26

**ADDENDUM**................................................................................27

# TABLE OF AUTHORITIES

**Cases**

*ABC v. Deans Diner, LLC*, No. 2024-CA-0800 (Ky. Ct. App.) .................4

*Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).........................6, 14

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)............................... 14, 18, 20

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) .............. 14, 19

*Burns v. Reed*, 500 U.S. 478, 494 (1991).................................................6, 13

*Butz v. Economou*, 438 U.S. 478, 515 (1978) .................................6, 7, 13

*Cleavinger v. Saxner*, 474 U.S. 193 (1985)......................... 8, 9, 10, 11, 12

*Conrad v. Bevin*, No. 3:17-CV-56-GFVT, 2018 WL 988071, at *6 (E.D. Ky. Feb. 16, 2018) ...................................................................... 8, 21, 28

*Crawford v. Tilley*, 15 F.4th 752, 766 (6th Cir. 2021) ...........................17

*Crosby v. Univ. of Kentucky*, 863 F.3d 545, 552 (6th Cir. 2017).............14

*Flying Dog Brewery, LLLP v. Mich. Liquor Control Comm'n*, 597 Fed. Appx. 342 (6th Cir. 2025) ................................................... 8, 9, 11, 12

*Fritz v. Charter T'ship of Comstock*, 592 F.3d 718 (6th Cir. 2010) ........16

*Goldstein v. Galvin*, 719 F.3d 16, 28 (1st Cir. 2013) .............................7

*Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996) .......................21

*In re City of Detroit, Mich.*, 841 F.3d 684, 699-700 (6th Cir. 2016)........23

*Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 450 (6th Cir. 2020)............20

*Maggard v. Bd. of Examiners of Psychology*, 282 S.W.3d 301, 305 (Ky. 2008).................................................................................................12

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) .......20

*MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011) ...22

*Paige v. Coyner*, 614 F.3d 273, 282-283 (6th Cir. 2010) .........................18

*Price v. Montgomery County, Ky.*, 72 F.4th 711, 719 (6th Cir. 2023).......6

*Rudd v. City of Norton Shores*, 977 F.3d 503, 515 (6th Cir. 2020).........16

*Ryan v. Blackwell*, 979 F.3d 519, 525 (6th Cir. 2020) ............................16

*Steeltech, Ltd. v. United States EPA*, 273 F.3d 652, 656-57 (6th Cir. 2001)............................................................................................. 8, 21

*Studstill El v. Michigan Dept. of State*, 691 Fed.Appx. 820, 822 (6th Cir. 2017)...................................................................................................24

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) .....................15

*Tillman Transp., LLC v. MI Business, Inc.*, 95 F.4th 1057, 1064 (6th Cir. 2024) ..............................................................................................25

*Tuttle v. Metro Gov't*, 474 F.3d 307, 321 (6th Cir. 2007) ........................19

*Watts v. Burkhart*, 978 F.2d 269, 276 (6th Cir. 1992) ...........................12

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ...........................24

**Statutes**

5 U.S.C. §§ 554, 556-57 ....................................................................7

21 RS HB 1 ........................................................................................4

21 RS HB 192 .............................................................................4, 17

KRS 13B.050 .................................................................................7, 12

KRS 13B.080 ..........................................................................10, 11, 12

KRS 13B.090 ...................................................................................11

KRS 13B.120 ..............................................................................10, 11

KRS 13B.150 ..............................................................................10, 11

KRS 13B.160 .....................................................................................7

KRS 244.120 ....................................................................3, 16, 20, 23

**Other Authorities**

Executive Order 2020-968.........................................................i, 2, 3, 16

**Rules**

Fed. R. Civ. P. 8................................................................................18

Fed. R. Civ. P. 9................................................................................18

**Constitutional Provisions**

Eleventh Amendment ...............................................................2, 5, 24

## <u>STATEMENT IN OPPOSITION TO ORAL ARGUMENT</u>

Appellee Joshua Newton respectfully requests that this Court decline to allow the parties to conduct oral argument, as the issues implicate well-established case law and are fairly represented by the briefs.

## STATEMENT OF ISSUES

1. Did the District Court properly hold that Appellee Joshua Newton had prosecutorial immunity, when Newton was sued for the decision to initiate or continue a state administrative proceeding subject to agency adjudication?

2. Did the District Court properly hold that Appellee Joshua Newton had qualified immunity for Appellants' First Amendment retaliation claim, when Appellants' proof of retaliation was limited to conclusory assertions that Newton knew of, and was angered by, Appellants' protected speech?

3. Did the District Court properly hold that Appellee Joshua Newton had qualified immunity for Appellants' procedural Due Process claim, when Appellants received a full and fair administrative hearing and appealed the final order to state circuit court?

4. Did the District Court properly hold that Appellee Joshua Newton had qualified immunity for Appellants' substantive Due Process claim of disparate treatment, when Appellants' business

1

was readily distinguishable from the other businesses to which Appellants compared themselves?

5. Did the District Court properly dismiss Appellants' official capacity injunctive and declaratory relief claims against Appellee Joshua Newton pursuant to the Eleventh Amendment, when the alleged violation at issue was not ongoing?

**STATEMENT OF THE CASE**

**I. Governor Beshear issued Executive Order 2020-968.**

Starting in March 2020, Appellants Andrew Cooperrider and Deans Diner d/b/a Brewed made multiple critical social media posts about Governor Andy Beshear. Memorandum Opinion & Order ("Order"), RE 26, Page ID # 409; Compl. RE 1, Page ID #4 at ¶ 14.

On November 20, 2020, Governor Beshear issued Executive Order 2020-968. Due to the COVID-19 pandemic, this Order prohibited the consumption of food and beverages inside of restaurants and bars until December 14, 2020. Joshua Newton's Motion to Dismiss ("Newton Motion"), RE 23, Page ID # 323.

## II. Appellants received a suspension and notice of violation.

On November 25, 2020, the Public Protection Cabinet's Department of Alcoholic Beverage Control ("ABC") served Appellants with an Emergency Suspension Order ("ESO"). Newton Motion, RE 23, Page ID # 324. There were two bases for the ESO.

First, during a routine inspection on November 24, 2020, a Health Department inspector observed Brewed's patrons eating in the dining area, in violation of the Executive Order. *Id.* Second, Brewed permitted its premises to become disorderly and a public nuisance, which violated KRS 244.120. *Id. See also* ESO, RE 23-4, Page ID ## 344-45.

On November 25, 2020, ABC's General Counsel, Appellee Joshua Newton, signed and served Brewed with a Notice of Violation ("NOV"). Newton Motion, RE 23, Page ID # 324. The NOV had five (5) counts, including violations of the Executive Order and KRS 244.120. *See* NOV, RE 23-4, Page ID ## 354-56.

Two months later, during January 2021, Cooperrider supported an effort to impeach Governor Beshear. Order, RE 26, Page ID # 410.

**III. Appellants received a full and fair administrative hearing.**

During the 2021 legislative session, Kentucky General Assembly passed new laws in response to Governor Beshear's executive orders. 21 RS HB 1 "provides that businesses may remain open so long as the business adopts an acceptable operating plan." Order, RE 26, Page ID # 410. In 21 RS HB 192, the General Assembly provided that the government shall not spend over $10,000 in enforcing executive orders. Order, RE 26, Page ID # 410.

Appellants requested and received an administrative hearing regarding the NOV on May 21, 2021. Compl., RE 1, Page ID ## 8-9, at ¶¶ 31, 35. ABC issued a final order revoking Brewed's alcoholic beverage licenses on March 4, 2022. Order, RE 26, Page ID # 410.

Appellants appealed the final order to the Fayette Circuit Court in Fayette County, Kentucky on March 31, 2022. Although the state circuit court initially found for Appellants, ABC has timely appealed that decision to the Kentucky Court of Appeals. *See ABC v. Deans Diner, LLC*, No. 2024-CA-0800 (Ky. Ct. App.) (available at: https://appellatepublic.kycourts.net/case/538e0e1517a3832ff74124cb416 6b83e226c463526c97640cfcefdc760c80e50).

Appellants filed this action on March 24, 2022, bringing individual and official capacity claims against Newton. Compl., RE 1. Appellants allege that "by continuing the enforcement action after the legislature . . . restricted enforcement for executive orders, [Newton] retaliated against the Appellants' [free speech] and deprived them of the[ir] alcohol license without due process." Order, RE 26, Page ID # 411.

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's dismissal of Appellants' Complaint against Appellee Joshua Newton for three (3) reasons. First, Newton is entitled to absolute immunity as ABC's prosecutor for the underlying administrative action. Second, Newton is entitled to qualified immunity, because Appellants did not plead facts demonstrating that Newton violated their constitutional rights. Third, the Eleventh Amendment bars the declaratory and injunctive relief that Appellants seek.

**ARGUMENT**

**I.    The District Court correctly held that Joshua Newton is entitled to absolute prosecutorial immunity.**

A.    Standard of Review

The Court of Appeals reviews dismissals on absolute immunity grounds *de novo. Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011). "American law has long recognized absolute immunity for those [such as prosecutors] whose special functions or constitutional status requires complete protection from suit." *Price v. Montgomery County, Ky.*, 72 F.4th 711, 719 (6th Cir. 2023) (internal citations omitted). "Absolute immunity is designed to free the *judicial process* from the harassment and intimidation associated with litigation." *Burns v. Reed*, 500 U.S. 478, 494 (1991) (emphasis in original). This Court should uphold the District Court's finding that Newton is entitled to absolute immunity.

B.    *Butz* grants absolute immunity to Newton for continuing a proceeding subject to agency adjudication.

The District Court properly relied on *Butz v. Economou*, 438 U.S. 478, 515 (1978) to hold that Newton is entitled to absolute, prosecutorial immunity for continuing KRS Chapter 13B administrative enforcement

6

proceedings against Appellants. Agency officials "who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Id.* at 516. *See* Newton Motion, RE 23, Page ID ## 325-26.

Appellants disagree, claiming that KRS Chapter 13B does not contain the same procedural safeguards as the APA. Appellants reason that Kentucky attorneys prosecuting KRS Chapter 13B administrative actions do not have the same prosecutorial immunity as the prosecutors in cases governed by the APA. Appellants' Brief at 24-25.

As an initial matter, "safeguards identical to those contained in the APA are not necessary preconditions to claiming absolute immunity." *Goldstein v. Galvin*, 719 F.3d 16, 28 (1st Cir. 2013) (internal citations omitted).

Moreover, the APA and KRS Chapter 13B are extremely similar in structure and language, each containing notice requirements, hearing processes, and review of findings. *Compare* 5 U.S.C. §§ 554, 556-57 *with* KRS 13B.050 through 13B.160. Therefore, the District Court properly

applied *Butz* to this case. Reply in Support of Joshua Newton's Motion to Dismiss the Complaint ("Newton Reply"), RE 25, Page ID # 402.

Appellants also cite to *Conrad v. Bevin* for their claim that KRS Chapter 13B contains "procedural inadequacies" sufficient to deny absolute prosecutorial immunity to Joshua Newton. Appellants' Brief at 25. Yet, the *Conrad* court merely held that Kentucky courts are "bound by the [factual] determinations of the [administrative tribunal] if supported by substantial evidence"—which is precisely the same standard required by the APA. *Compare Conrad v. Bevin*, No. 3:17-CV-56-GFVT, 2018 WL 988071, at *6 (E.D. Ky. Feb. 16, 2018) (copy attached as Exhibit A per FRCP 32.1) (KRS 13B standard) *with Steeltech, Ltd. v. United States EPA*, 273 F.3d 652, 656-57 (6th Cir. 2001) (APA standard). *See also* Newton's Reply, RE 25, Page ID # 402. The District Court's decision should be upheld.

C. The Cleavinger factors support absolute immunity.

Appellants rely heavily on *Cleavinger v. Saxner*, 474 U.S. 193 (1985) and *Flying Dog Brewery, LLLP v. Mich. Liquor Control Comm'n*, 597 Fed. Appx. 342 (6th Cir. 2025)—two cases with holdings far more favorable to Newton's position than Appellants'. Appellants' Brief at 26-

27. In *Cleavinger*, the Supreme Court listed six (6) factors that are "characteristic of the judicial process and [are] to be considered in determining absolute as contrasted with qualified immunity." *Cleavinger*, 474 U.S. at 202. All of the *Cleavinger* factors favor absolute immunity for Newton.

First, absolute immunity only applies to prosecutors performing discretionary functions. Immunity applies so that that prosecutors can accomplish these duties "without harassment or intimidation." *Id.* at 202. Newton exercised "significant discretion" in determining whether to initiate and continue administrative proceedings against Appellants. *Flying Dog*, 597 Fed.Appx. at 349-350. Therefore, absolute immunity is necessary for Newton to perform these discretionary functions without fear of frivolous litigation.

The second *Cleavinger* factor states that an administrative prosecutor seeking immunity must have performed discretionary duties in the context of an administrative hearing that contains "safeguards." *Cleavinger*, 474 U.S. at 202). These safeguards "serve to control unconstitutional conduct, such as the right to counsel, adequate notice of a hearing, and the opportunity to present and cross-examine witnesses."

*Flying Dog Brewery*, 597 Fed.Appx. at 350. The Sixth Circuit commented favorably on the liquor board's procedural safeguards for violations in *Flying Dog*. Those safeguards mirror the rights established in KRS Chapter 13B. *Id.* KRS 13B.080(4) grants licensees the right to counsel and the option to "present evidence and argument [and] conduct cross-examination."

Appellants falsely allege that ABC's hearings do not offer appropriate safeguards, because the Board could "disregard the hearing officer." Appellants' Brief at 28. However, KRS 13B.120(3) requires the final order to explain any changes to the recommended order. Also, the final order must survive judicial review, which (among other restrictions) precludes "arbitrary and capricious" decisions under KRS 13B.150(2).

Third, a court should consider whether the administrative reviewing tribunal is "insulat[ed] from political influence." *Cleavinger*, 474 U.S. at 202. Here, although the ABC Board members are gubernatorial appointees, the members do not review charges initiated by their co-workers, as the unsuccessful prison board members did in *Cleavinger*, 474 U.S. at 204. Instead, as the agency head, the ABC Board

reviews "the record including the recommended order and any exceptions duly filed to a recommended order." KRS 13B.120(1).

The fourth *Cleavinger* factor states that, for the ABC's administrative process to convey prosecutorial immunity, the ABC Board's final orders must be supported by precedent (*Cleavinger*, 474 U.S. at 202), satisfy a certain proof standard, and be issued in writing (*Flying Dog*, 597 Fed.Appx. at 351). Although Appellants argue that the ABC's discretion is "unfettered," (Appellants' Brief at 28) their claim could not be further from the truth. An ABC final order must comply with KRS 13B.150(2), which means that (among other restrictions) the final order cannot render an "[a]rbitrary [or] capricious" decision, in light of prior agency precedent and existing state law. Additionally, the ultimate burden of persuasion in administrative hearings is established in KRS 13B.090(7) ("preponderance of evidence") and all final orders must be in writing. KRS 13B.120(3).

Fifth, for a prosecutor to claim absolute immunity, the administrative hearing process must be adversarial in nature. *Cleavinger*, 474 U.S. at 202. In KRS Chapter 13B hearings, all parties have a "full opportunity to file pleadings, motions, objections, and offers

11

of settlement," as well as "briefs, proposed findings of fact and conclusions of law, and proposed recommended or final orders." KRS 13B.080(2). Licensees may seek "subpoenas and discovery orders" through the hearing officer, as well as "respond, present evidence and argument, conduct cross-examination, and submit rebuttal evidence." KRS 13B.080(3).

Sixth and finally, *Cleavinger* requires the correctability of errors on appeal. *Cleavinger*, 474 U.S. at 202. ABC's final orders are reviewed by a Circuit Court Judge—not by Governor Beshear. *See Watts v. Burkhart*, 978 F.2d 269, 276 (6th Cir. 1992) (extending absolute immunity when decisions are not reviewed by the "governor who appointed" board). The Circuit Court may explore issues outside of the administrative record, in the case of "fraud or misconduct." KRS 13B.050(1); *Maggard v. Bd. of Examiners of Psychology*, 282 S.W.3d 301, 305 (Ky. 2008) (directing circuit court to go outside the record when plaintiff alleged malfeasance).

Therefore, the *Cleavinger* factors fully support Newton's absolute immunity. Newton's ability to exercise discretion in determining whether to initiate and continue administrative proceedings against ABC

licensees must be protected. *Flying Dog Brewery*, 597 Fed.Appx. at 349-350. This Court should affirm the District Court's Order.

D. <u>A state official who initiates or continues an agency proceeding is entitled to absolute immunity.</u>

Appellants claim, without argument, that Newton's decision to continue an in-process administrative hearing was an "administrative and investigatory function." Appellants' Brief at 29. The Supreme Court disagrees, holding that "officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity." *Butz*, 438 U.S. at 516. Such a discretionary decision is an "exceptional situation[] where . . . absolute immunity is essential for the conduct of public business." *Id*. at 507. Therefore, Newton is entitled to absolute immunity.

Appellants' citation to *Burns*, 500 U.S. at 491 is unavailing. Appellants' Brief at 29. *Burns* holds that a prosecutor was entitled to absolute immunity when his actions "involve[d] [his] role as advocate for the State," rather than as an administrator or investigative officer. *Id*. at 479. Here, Newton's decision to continue the administrative action was made as an advocate for the Commonwealth. *Butz*, 438 U.S. at 516.

13

Therefore, Newton is entitled to absolute immunity. The District Court's opinion should be affirmed.

## II. The District Court correctly held that Joshua Newton is entitled to qualified immunity.

### A. Standard of Review

The Court of Appeals reviews qualified immunity determinations *de novo*. *Adams*, 656 F.3d at 401. Under the two-pronged standard of qualified immunity, Newton is entitled to qualified immunity, so long as (1) the facts do not show that Newton's conduct violated a constitutional right, (2) which was "clearly established." *Crosby v. Univ. of Kentucky*, 863 F.3d 545, 552 (6th Cir. 2017).

The Court of Appeals must accept as true all of a complaint's factual allegations, but none of its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are "not entitled to the assumption of truth." *Id.* at 664. "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

B.  Appellants did not allege a First Amendment retaliation claim.

To establish a First Amendment retaliation claim, Appellants must show: (1) that they engaged in "protected conduct"; (2) an adverse action was taken against Appellants that would "deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) "the adverse action was motivated at least in part by [Appellants'] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). Appellants failed to establish the second and third elements. Order, RE 26, Page ID ## 424-25. Therefore, this Court should affirm the District Court's Order dismissing this matter.

1.  Appellants did not establish that they suffered an adverse action.

Appellants contend that there is "no doubt that adverse action was taken against" them, as their "alcohol license was permanently revoked." Appellants' Brief at 17.

Appellants' argument disregards the plain language of their own Complaint. Appellants admitted that ABC initiated this action in response to Appellants' violation of public health orders (and KRS

15

244.120). Compl., RE 1, Page ID # 5 at ¶ 18. Then, Appellants claimed that Newton retaliated against Appellants' speech, not by "initiating an action to revoke Brewed's alcohol license, but by *continuing an existing enforcement action.*" Order, RE 26, Page ID # 423; Compl., RE 1, Page ID # 9 at ¶ 38 (emphasis added).

As the District Court held, it is "illogical to suggest that the continuation of [an action] that was already under way could possibly be retaliatory." Order, RE 26, Page ID # 423 (quoting *Ryan v. Blackwell*, 979 F.3d 519, 525 (6th Cir. 2020) (continuing audit after committee recommends ending it is not retaliatory)).

Appellants' case law is unavailing, as it relates solely to singular instances of retaliation, rather than the continuance of an ongoing action. *See* Appellants' Brief at 17 (citing to *Fritz v. Charter T'ship of Comstock*, 592 F.3d 718 (6th Cir. 2010) (a threat to plaintiff's employer is adverse action); *Rudd v. City of Norton Shores*, 977 F.3d 503, 515 (6th Cir. 2020) (putting plaintiff in jail is adverse action)).[1]

---

[1] Also, even if the change in state law had truly abrogated ABC's authority to enforce the Executive Order, Newton listed an independent basis for the NOV, which allowed the continuation of the revocation action: the licensee had permitted the premises to become disorderly and a public nuisance in violation of KRS 244.120. Newton Motion, RE 23,

16

This Court should affirm the District Court's dismissal of the First Amendment retaliation claim against Joshua Newton, as Plaintiffs did not plead facts sufficient to state a cause of action.

> 2. Appellants did not establish a causal connection.

Appellants' claim that the alleged adverse action was motivated by their protected speech rests on their conclusory allegations that (1) Newton was "aware of, and angered by, the [Appellants'] social media activity . . ." (Compl., RE 1, Page ID # 4 at ¶ 15), and (2) that Newton knew of Brewed's HB 1 plan for compliant dining and the "budgetary restrictions in 21 RS HB 192," but still "persisted with their illegal enforcement" action. *Id.* at Page ID # 8 at ¶¶ 31-33.

Such conclusory statements "about a defendant's mental state are not entitled to an assumption of truth." Order, RE 26, Page ID # 422 (citing to *Crawford v. Tilley*, 15 F.4th 752, 766 (6th Cir. 2021)). Thus, Appellants have not pled any facts to support their allegation that

---

Page ID # 324. *See also* ESO, RE 23-3, Page ID # 344 ("The basis for this emergency suspension rests on *two separate and distinct violations* by the licensee.) (emphasis added); NOV, RE 23-4, Page ID #354-55.

Newton knew of, or cared about, Appellants' social media activity. Newton Reply, RE 25, Page ID# 406-07.

Appellants argue that, "[r]ather than attaching dozens of emails to the complaint, [they] plead [sic] what the facts show generally," relying on Fed. R. Civ. P. 8 and 9. Appellants' Brief at 13-14. The District Court properly held that, with this admission, Appellants essentially conceded the argument, as there is no "better definition of a conclusory allegation." Order, RE 26, Page ID # 421. Additionally, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content." *Iqbal*, 556 U.S. at 686. *See also* Newton Reply, RE 25, Page ID 406.

Appellants argue that their contention that Newton was "angered" matches the facts in *Paige v. Coyner*, 614 F.3d 273, 282-283 (6th Cir. 2010). However, in contrast to Appellants' Complaint, the *Paige* Complaint described a negative reaction by detailing indicia. *See, e.g., id.* at 282-283 (stating that the defendant "was very rigid and made no eye contact with" the plaintiff after receiving criticism). Newton Reply, RE 25, Page ID # 406.

Appellants alleged (again without support) that another Appellee angrily reacted to Appellants' conduct during a speech. But, Appellants do not provide any grounds for their allegation that *Newton's* mental state included knowledge of, or feelings about, Appellants' free speech. *Id.* Further, Appellants' claim that Newton exchanged emails that reflected a "concerted effort to deprive Appellants of their license" says nothing about Newton did—much less what Newton thought. *Twombly*, 550 U.S. at 556-57 ("an allegation of parallel conduct and a bare assertion of conspiracy will not suffice"). Newton Motion, RE 23, Page ID # 328.

Also, the long period between Appellants' speech and Newton's alleged actions is a "weak indicator," if any, of causation. Order, RE 26, Page ID # 425. *See also Tuttle v. Metro Gov't*, 474 F.3d 307, 321 (6th Cir. 2007) ("temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim"); Order, RE 26, Page ID ## 425-26 (five months to two years between protected activity and licensure action). *See also* Governor Andy Beshear's Motion to Dismiss, RE 8-1, Page ID # 85.

This is particularly true where, as here, an intervening cause occurred between the first instances of protected activity and the alleged

retaliation. Appellants admit that, on November 24, 2020, they had engaged in "non-compliance" with COVID restrictions (Compl., RE 1, Page ID # 5 at ¶18) and had permitted its premises to become disorderly and a public nuisance in violation of KRS 244.120. ESO, RE 23-4, Page ID ## 344-45. Such an intervening cause dispels any inference of causation. *Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 450 (6th Cir. 2020).

The Complaint's allegation that Appellants' speech caused the continuing enforcement action is based on conclusory allegations and should be disregarded. Order, RE 26, Page ID # 425 (citing to *Iqbal*, 556 U.S. at 664). This Court should affirm the District Court's dismissal of Appellants' First Amendment retaliation claim against Newton.

C.    Appellants did not allege a procedural Due Process claim.

To establish a procedural Due Process claim, Appellants must show that the ABC "did not afford them adequate procedural rights prior to depriving them of their protected interest." *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002). As the District Court found, procedural due process "'does not require that the government refrain from making a substantive choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide 'due

20

process' before making such a decision.'" Order, RE 26, Page ID # 427-28 (citing to *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). *See also* Newton Motion to Dismiss, RE 23, Page ID # 332.

Appellants admit that they received a hearing before their license was revoked, and they further admit that they appealed that revocation to state court. Compl., RE 1 at 8 at ¶ 31; Memo in Opp'n to Perry's Motion to Dismiss at 17-18. Yet, Appellants argue that "the Appellees' personal animus permeated the end decision, rendering the result invalid," which deprived them of adequate process. Appellants' Brief at 24.

Appellants received adequate process, which was at least the equal of the process afforded under the APA. *See supra* Section I.B. and I.C. *Compare Conrad*, 2018 WL 988071, at *6 (KRS 13B standard) *with Steeltech, Ltd. v. United States EPA*, 273 F.3d 652, 656-57 (6th Cir. 2001) (APA standard). Furthermore, Appellants have failed to show that Newton—or any other Appellee—had personal animus, much less that this animus "rendered the result invalid." *See supra* Section II.B.2.

This Court should affirm the District Court's dismissal of Appellants' procedural due process claim against Newton.

D.    <u>Appellants did not allege a substantive Due Process claim.</u>

To challenge a state administrative action under substantive due process, Appellants must show that the action was arbitrary and capricious "in the strict sense, meaning that there is no rational basis for the" administrative decision. Order, RE 26, Page ID # 429 (quoting *MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011)). Appellants cannot defeat this "highly deferential" standard, as Newton had a rational basis for continuing enforcement.

Appellants falsely claim that two allegations in their Complaint meet this high bar. First, Appellants argue that they were treated differently than similarly-situated businesses, because Appellees *other than Newton* directed that Brewed should not receive a settlement offer, while other businesses that violated COVID-19 restrictions were allowed to settle with ABC. Appellants' Brief at 22. Appellants also confusingly cite to an unpublished case allegedly holding that engaging in an "activity . . . in contravention of plain statutory law" gives rise to a substantive due process violation. *Id.* (citing to "*Oswald v. Beshear*, 2:21-cv-00096, at Doc.11").

Appellants' arguments are invalid for three reasons. First, the Complaint alleges that the disparate treatment originated with Appellees other than Newton. Second, even if Appellees did refuse to settle with Appellants, but settled with all other businesses that violated COVID-19 restrictions,[2] there was a rational basis for that distinction. Other businesses merely violated the COVID-19 restrictions; whereas Appellants' establishment was also disorderly and a public nuisance, in violation of KRS 244.120. Order, RE 26, Page ID 431; Newton Motion, RE 23, Page ID # 324. Third, although Newton's counsel is unaware of what case "*Oswald v. Beshear*, 2:21-cv-00096, at Doc.11" refers to, alleged state law violations do not constitute a substantive due process violation. *See In re City of Detroit, Mich.*, 841 F.3d 684, 699-700 (6th Cir. 2016) ("Rights derived from state law, as opposed to the [federal] Constitution usually do not make the [substantive due process] cut."). *See also* Newton Motion, RE 23, Page ID # 333.

Appellants "fail to raise a plausible claim that enforcement is arbitrary and capricious." Order, RE 26, Page ID # 431. This Court should

---

[2] At the motion to dismiss stage, the Court of Appeals must accept as true all of a complaint's factual allegations. *Iqbal*, 556 U.S. at 678.

affirm the District Court's dismissal of Appellants' substantive due process claim against Newton.

**III. The District Court correctly held that the Eleventh Amendment bars Appellants' declaratory and injunctive relief claims.**

A. <u>Standard of Review</u>

A district court's decision on the application of Eleventh Amendment immunity is a question of law, which the Court of Appeals reviews *de novo*. *Studstill El v. Michigan Dept. of State*, 691 Fed.Appx. 820, 822 (6th Cir. 2017). The Eleventh Amendment proscribes suit against state agencies, unless the state has consented to suit. *Id*. A suit against a state official in their individual capacity is deemed to be a suit against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

B. *<u>Ex Parte Young</u>* <u>does not apply to this case.</u>

Appellants argue that they are entitled to relief, as "preventing the denial of a license squarely falls into prospective relief as permitted by *Ex Parte Young* exception." Appellants' Brief at 32. This argument is invalid. Appellants cannot prevent the denial of their license; "the

enforcement action is complete and Brewed's alcohol license is revoked."
Order, RE 26, Page ID # 414, Newton Motion, RE 23, Page ID # 334.

Notably, Appellants did not raise for review whether the District Court properly dismissed Appellants' individual capacity claims for declaratory and injunctive relief against Newton. *See generally* Appellants' Brief at 32-33 (raising only official capacity claims); Order, RE 26, Page ID # 417-18 (dismissing individual capacity claims). "An appellant abandons all issues not raised and argued in its initial brief on appeal." *Tillman Transp., LLC v. MI Business, Inc.*, 95 F.4th 1057, 1064 (6th Cir. 2024) (internal citations omitted).

Therefore, the *Ex Parte Young* exception does not apply. This Court should affirm the District Court's dismissal of the official capacity claims against Newton seeking declaratory and injunctive relief.

## CONCLUSION

In conclusion, Appellee Joshua Newton respectfully requests that this Court affirm the District Court's dismissal of this action.

/s/ Jennifer Wolsing

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief complies with the type-volume limitation of Fed. R. App. P. 32, because it contains 4,465 words and uses proportionally spaced typeface of Times New Roman in 14-point size.

<u>/s/ Jennifer Wolsing</u>

## CERTIFICATE OF SERVICE

I certify that on August 12, 2024, I electronically filed the foregoing brief via the Court's CM/ECF system, thereby causing counsel of record to be served.

<u>/s/ Jennifer Wolsing</u>

# ADDENDUM

Appellee Joshua Newton, pursuant to Sixth Circuit Rule 30(g) and 28(b), designates the following filings from the district court's electronic record and includes the following unpublished citations in the Addendum:

1.  Compl. RE 1, Page ID #4, 5, 8, 9

2.  Governor Andy Beshear's Motion to Dismiss, RE 8-1, Page ID # 85.

3.  Appellee Joshua Newton's Motion to Dismiss ("Newton Motion"), RE 23, Page ID # 323-26, 328, 332-34

4.  Emergency Suspension Order, RE 23-3, Page ID # 344-45

5.  Notice of Violation, RE 23-4, Page ID #34-36

6.  Reply in Support of Joshua Newton's Motion to Dismiss the Complaint, RE 25, Page ID # 402, 406-07

7.  Memorandum Opinion & Order ("Order"), RE 26, Page ID # 409-11, 414, 417-18, 421-29, 431,

8.	Exhibit A, *Conrad v. Bevin*, No. 3:17-CV-56-GFVT, 2018 WL 988071, at *6 (E.D. Ky. Feb. 16, 2018) (attached as per FRAP 32.1(b), 6 Cir. R. 32.1(a))