# United States Court of Appeals
## For the Sixth Circuit

ANDREW COOPERRIDER
and
DEANS DINER, LLC d/b/a BREWED

      Appellants

v.

MAGGIE WOODS, Malt Beverage Administrator with the Kentucky Department of Alcoholic Beverage Control; ANDREW G. BESHEAR, Governor of Kentucky; RAY A. PERRY, Secretary of Public Protection Cabinet; ALLYSON TAYLOR, Commissioner of the Kentucky Department of Alcoholic Beverage Control; WESLEY WARDEN DUKE, General Counsel for the Kentucky Cabinet for Health and Family Services; JOSHUA NEWTON, General Counsel for the Kentucky Department of Alcoholic Beverage Control

      Appellees

**On Appeal from the U.S. District Court for the Eastern District of Kentucky, Case No. 3:22-CV-00016**

**BRIEF FOR APPELLEE, RAY PERRY**

T. Chad Thompson (KBA No. 96294)
Deputy General Counsel
Kentucky Public Protection Cabinet
Phone: (502) 782-2736
Chad.Thompson@ky.gov
*Counsel for Ray Perry*

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………..…………..i

TABLE OF AUTHORITIES……………………………………….…………iii

STATEMENT CONCERNING ORAL ARGUMENT……………..…………....vi

STATEMENT OF JURISDICTION………………………….…….………..1

STATEMENT OF THE ISSUES………………………………………………1

STATEMENT OF THE CASE………………………………….…………...2

SUMMARY OF THE ARGUMENT……………………………..……...4

ARGUMENT……………………………………..…………………...4

    I.    The District Court correctly held that Appellants failed to state any plausible claim for relief against Secretary Perry……………………...4

        A. Standard of Review………………………………………....4

        B. Appellants failed to allege a plausible First Amendment retaliation claim against Secretary Perry…………………....5

        C. Appellants failed to allege a plausible procedural Due Process claim against Secretary Perry………………….………….9

        D. Appellants failed to allege a plausible substantive Due Process claim, or a plausible claim of arbitrary and capricious enforcement action, against Secretary Perry………………11

    II.    The District Court correctly held that Secretary Perry is entitled to immunity……………………………………………………13

i

CONCLUSION…………………………………………..…………………16

CERTIFICATE OF COMPLIANCE………..………………….…………………17

CERTIFICATE OF SERVICE…………………..………………………………...17

ADDENDUM…………………………………………………………………18

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*ABC v. Deans Diner, LLC*, No. 2024-CA-0800 (Ky. App.) (2024)…………………….3

*Booth Fam. Tr. v. Jeffries*, 640 F.3d 134 (6th Cir. 2011)……………………………..4

*Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*

     974 F.3d 756 (6th Cir. 2020)…………………………………………......4-5

*League of United Latin Am. Citizens v. Bredesen*

     500 F.3d 523, 527 (6th Cir. 2007)……………………………………….5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………….5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)…………………………......5, 7, 8, 10

*Ryan v. Blackwell*, 979 F.3d 519, 525 (6th Cir. 2020)…………………………....6, 9

*Fritz v. Charter T'ship of Comstock*, 592 F.3d 718 (6th Cir. 2010)……………6-7, 9

*Rudd v. City of Norton Shores*, 977 F.3d 503, 515 (6th Cir. 2020)………………7, 9

*Crawford v. Tilley*, 15 F.4th 752, 766 (6th Cir. 2021)………………………….7-8

*Tuttle v. Metro. Gov't*, 474 F.3d 307, 321 (6th Cir. 2007)…………………………8

*Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 450 (6th Cir. 2020)……………………8

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002)…………………9

*Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)…………………………...10

*MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011)……………...11

*37712, Inc. v. Ohio Dep't of Liquor Control*

113 F.3d 614, 620 (6th Cir. 1997)……………………………...…11, 12, 13

*In re City of Detroit, Mich.*, 841 F.3d 684, 699-700 (6th Cir. 2016)………………..12

*Oswald v. Beshear*, 2:21-cv-00096……………………………………………...12

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)…......13, 14

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)……………..…..13, 14

*Ex Parte Young*, 209 U.S. 123 (1908)……………………………………...14

*Children's Healthcare is a Legal Duty v. Deters*

92 F.3d 1412, 1415 (6th Cir. 1996)…………………………………………14

*Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002)………………………..14

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)……………………………..15

*Thomas v. Plummer*, 489 F. App'x 116, 119 (6th Cir. 2012)………...……….15-16

**Statutes**

28 USC § 1331……………………………………………………………...1

28 USC § 1291……………………………………………………………...1

KRS Chapter 39A…………………………………………………………..2

KRS 244.120………………………………………………..2, 11, 12, 13, 15

KRS Chapter 13B……………………………………………………………10

KRS 12.252…………………………………………………………………..14

KRS 241.015…………………………………………………………………14

**Regulations**

902 KAR 2:190E…………………………………………………………………………2

**Rules**

Fed. R. App. P. 32……………………………………………………………………17

6 Cir. R. 28…………………………………………………………………………...18

6 Cir. R. 32…………………………………………………………………………...18

**Constitutional Provisions**

Eleventh Amendment…………………………………………………………...13

**STATEMENT CONCERNING ORAL ARGUMENT**

Appellee, Ray Perry, respectfully suggests that oral argument is not necessary in this matter. The briefs and the record adequately represent the factual and legal arguments raised in the case. Accordingly, Appellee does not believe that oral argument will significantly assist this Court's resolution of the issues.

## STATEMENT OF JURISDICTION

On initial filing, the District Court lacked jurisdiction over Appellants' Complaint against Public Protection Cabinet Secretary Ray Perry ("Secretary Perry"), based on Appellants' failure to effectuate proper service upon him (Perry Motion to Dismiss, R. 7, Page ID # 61-63). That error was ultimately remedied, and thereafter, the Court presumably asserted jurisdiction pursuant to 28 USC § 1331. The Court entered its Memorandum Opinion and Order dismissing Secretary Perry on March 23, 2023 (Order, R. 26, Page ID # 409-433), and its final Memorandum Opinion, Order, and Judgment on March 19, 2024 (Memorandum Opinion & Order, R. 33, Page ID # 489-498; Judgment, R. 34, Page ID # 499). Appellants then filed a timely Notice of Appeal on April 15, 2024 (Notice of Appeal, R. 35, Page ID # 500). This Court has jurisdiction over the instant appeal pursuant to 28 USC § 1291.

## STATEMENT OF THE ISSUES

1. Did the District Court correctly conclude that Appellants failed to plead a plausible First Amendment retaliation claim against Secretary Perry?

2. Did the District Court correctly conclude that Appellants failed to plead a plausible due process violation against Secretary Perry?

3. Did the District Court correctly conclude that Appellants failed to plead a plausible claim of arbitrary and capricious enforcement action against Secretary Perry?

1

4. Did the District Court correctly conclude that Secretary Perry is entitled to qualified immunity?

**STATEMENT OF THE CASE**

On November 25, 2020, the Department of Alcoholic Beverage Control ("ABC"), a public agency housed within the Kentucky Public Protection Cabinet ("PPC"), issued an Emergency Suspension Order ("ESO") to Appellants (Emergency Suspension Order, R. 23-3, Page ID # 344-353). That ESO rested upon "two separate and distinct violations" of the law: (1) a "violation of the Governor's Executive Orders issued pursuant to KRS Chapter 39A"; and (2) a "breach of various provisions of KRS Chapter 244.120 and 902 KAR 2:190E, which standing alone, serve[d] as ample grounds for the emergency suspension." *Id*. On the same date, ABC issued a Notice of Violation ("NOV") to Appellants, which likewise cited violations of KRS Chapter 39A and KRS 244.120 as its legal bases for taking action (Notice of Violation, R. 23-4, Page ID # 354-357).

A few months later, during the 2021 legislative session, the Kentucky General Assembly "passed several new laws…[r]esponding to Governor Beshear's executive orders" (Order, R. 26, Page ID # 410). One such law provided that "businesses may remain open so long as the business adopts an acceptable operating plan," while another mandated "that no state funds or state employee time valued

over $10,000 shall be expended to implement or enforce any unauthorized executive order." *Id*.

ABC subsequently held an administrative hearing on the above-referenced NOV in May of 2021, and issued a final Order revoking Appellant Brewed's alcoholic beverage license(s) in March of 2022.[1] *Id*. Appellants then initiated the litigation underlying this appeal, alleging that, "by continuing the enforcement action after the legislature ended or restricted enforcement for executive orders, [Secretary Perry] retaliated against the [Appellants'] criticism of Governor Beshear and deprived them of the alcohol license without due process of law." *Id*. at Page ID # 411.

The District Court dismissed Appellants' Complaint against Secretary Perry on March 23, 2023, holding that Appellants had failed to state any plausible claim for relief against him, and concluding that he was entitled to qualified immunity. *Id*. at Page ID # 413-432. The remainder of the lawsuit was disposed of by final Memorandum Opinion, Order, and Judgment entered on March 19, 2024 (Memorandum Opinion & Order, R. 33, Page ID # 489-498; Judgment, R. 34, Page ID # 499), and this appeal followed.

---

[1] Appellants appealed the final order to the Fayette Circuit Court in Fayette County, Kentucky on March 31, 2022. Although the state circuit court initially found for Appellants, ABC has timely appealed that decision to the Kentucky Court of Appeals. *See ABC v. Deans Diner, LLC*, No. 2024-CA-0800 (Ky. App.) (2024).

## SUMMARY OF THE ARGUMENT

The District Court correctly held that Appellants failed to plead any plausible claim for relief against Secretary Perry, on the basis of either First Amendment retaliation; procedural or substantive due process violations; or arbitrary and capricious enforcement action. Additionally, the Court accurately concluded that Secretary Perry is entitled to qualified immunity. Finally, the Court properly determined that the ABC enforcement action against Appellants was undertaken for a legitimate public purpose, separate and independent of any COVID-related Executive Order. The District Court's dismissal of Secretary Perry should therefore be affirmed.

## ARGUMENT

I. **The District Court correctly held that Appellants failed to state any plausible claim for relief against Secretary Perry.**

A. *Standard of Review.*

When considering a motion to dismiss, courts of appeal evaluate a district court's decision *de novo*. *Booth Fam. Tr. v. Jeffries*, 640 F.3d 134 (6th Cir. 2011). Further, when reviewing a district court's decision granting a motion to dismiss, the appeals court construes the complaint in the light most favorable to the plaintiff; accepts its allegations as true; and draws all *reasonable* inferences in favor of the plaintiff, asking *whether the complaint contains sufficient factual matter to state a claim to relief that is plausible* on its face. *Royal Truck & Trailer Sales & Serv., Inc.*

*v. Kraft*, 974 F.3d 756 (6th Cir. 2020) (*emphasis added*). As this Court has previously recognized, and the District Court in this action acknowledged: "[T]he 'factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.'" *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (*emphasis in original*) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). (Order, R. 26, Page ID # 412).

Thus, the Court of Appeals must accept all the Complaint's factual allegations as true, but none of its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will not do,"[2] and conclusory allegations are "not entitled to the assumption of truth."[3]

> B. <u>Appellants failed to allege a plausible First Amendment retaliation claim against Secretary Perry.</u>

To maintain a First Amendment retaliation claim, Appellants must show that: (1) they engaged in "protected conduct"; (2) an adverse governmental action was taken against them that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) "the adverse action was motivated at least in part by the…protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, the District Court correctly concluded that Appellants failed to establish

---

[2] *Twombly* at 545.
[3] *Iqbal* at 664.

both the second and third elements of this claim (Order, R. 26, Page ID # 424-425). As such, this Court should affirm the lower Court's dismissal Order.

Although Secretary Perry has never disputed that Appellants' speech constituted protected conduct under the First Amendment, the plain language of Appellants' own Complaint clearly indicates that ABC initiated its revocation action against Appellant Brewed in response to Appellants' violation of a variety of public health orders, rather than their engagement in any protected speech (Complaint, R. 1, Page ID # 5, paragraph 18). Further, while Appellants have argued that Secretary Perry "persisted with…illegal enforcement"[4] against them "by continuing an existing [illegal] enforcement action,"[5] the District Court properly noted that this contention is contrary to both law and logic.

Indeed, as the lower Court indicated and this Court has previously held, it is "illogical to suggest that the continuation of [an enforcement action] that was already under way could possibly be retaliatory" (Order, R. 26, Page ID # 424) (*quoting Ryan v. Blackwell*, 979 F.3d 519, 525 (6th Cir. 2020)). Moreover, the cases Appellants cite in support of their position are wholly unconvincing, as they each relate to distinct, standalone instances of alleged retaliation. *See* Appellants' Brief at 17 (*citing to Fritz v. Charter T'ship of Comstock*, 592 F.3d 718 (6th Cir. 2010)

---

[4] *Id*. at Page ID # 8, paragraph 31.
[5] Order, R. 26, Page ID # 423.

(concluding that a threat to the plaintiff's employer was an adverse action); *and Rudd v. City of Norton Shores*, 977 F.3d 503, 515 (6th Cir. 2020) (holding that incarcerating the plaintiff is an adverse action)).

In addition, Appellants' Complaint also fails to establish any causal connection between their protected speech and ABC's licensure revocation action. Though Appellants asserted that the ABC action was motivated by their speech, that claim is supported by nothing more than the "conclusory allegation"[6] that Secretary Perry was "aware of, and angered by, the social media activity of the [Appellants]," but nevertheless "persisted with…illegal enforcement…to punish [Appellants] for their First Amendment protected speech…" (Complaint, R. 1, Page ID # 4, 8-9, paragraphs 15, 31, and 35).

Appellants have argued that they satisfied the pleading standard required under Federal Rule of Civil Procedure 8 by "plead[ing] what the facts show generally…[r]ather than attaching dozens of emails to the complaint" (Response to Motion to Dismiss, R. 19, Page ID # 256). However, the District Court aptly observed that one would "strain[] to find a better definition of a conclusory allegation" (Order, R. 26, Page ID # 421), and therefore correctly determined that such conclusory statements "about a defendant's mental state are not entitled to an assumption of truth." *Id*. at Page ID # 422 (*citing to Crawford v. Tilley*, 15 F.4th 752,

---

[6] Order, R. 26, Page ID # 431, *citing to Iqbal* at 680-81.

766 (6th Cir. 2021)). It further determined that several statements within the Complaint ascribing retaliatory intent "amount to nothing more than a 'formulaic recitation of the elements' of a First Amendment retaliation claim: namely, that the Defendants' conduct was a reaction to speech protected by the First Amendment." *Id*. at Page ID # 422-423 (*citing to Iqbal*, 556 U.S. at 680-81). Thus, those allegations were also "disentitle[d]…to the presumption of truth" due to their "conclusory nature." *Id*.

Lastly, the lower Court properly concluded that the lengthy intervening period between Appellants' speech and any allegedly retaliatory act served as a "weak indicator" of existing causation (Order, R. 26, Page ID # 425). This Court has previously noted that "temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim." *Tuttle v. Metro. Gov't*, 474 F.3d 307, 321 (6th Cir. 2007) (*internal citations omitted*). This conclusion is only further bolstered where an intervening cause arises between the first instances of protected activity and alleged retaliation. *See Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 450 (6th Cir. 2020), holding that an intervening cause dispels any inference of causation. Because here, Appellants have openly acknowledged their "non-compliance" with a number of public health orders (Complaint, R. 1, Page ID # 5, paragraph 18), no plausible inference of causation is raised through any reading of their Complaint.

Appellants have freely admitted that ABC's licensure revocation action was initiated for reasons independent of their protected speech, instead maintaining that the continuation of that action provides sufficient grounds for relief. *Id*. at Page ID # 5, paragraph 18; Page ID # 8, paragraph 33. Unfortunately for Appellants, this Court has previously held otherwise. As such, the rationale of *Blackwell*, rather than of *Fritz* or *Rudd*, controls.[7] Furthermore, Appellants' assertions about Secretary Perry's mental state—or the existence of any type of retaliatory intent—are entirely conclusory and formulaic, and thus, are not entitled to any presumption of truth.[8] Finally, Appellants have failed to establish anything beyond strained, insufficient temporal proximity, that would give rise to any plausible inference of causation.[9] This Court should therefore affirm the District Court's dismissal of Appellants' First Amendment retaliation claim.

    C. *Appellants failed to allege a plausible procedural Due Process claim against Secretary Perry.*

To maintain their procedural Due Process claim, Appellants must demonstrate that they were "not afford[ed]…adequate procedural rights prior to [being] depriv[ed]…of their protected interest." *Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002). As the lower Court indicated, procedural due process

---

[7] *Supra* at 6.
[8] *Supra* at 7.
[9] *Supra* at 8.

"'does not require that the government refrain from making a substantive choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide 'due process' before making such a decision.'" (Order, R. 26, Page ID # 427-428) (*citing to Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Appellants have never disputed, and have instead expressly conceded, that they received a hearing before their license was revoked (Complaint, R. 1, Page ID # 8, paragraph 31). Nonetheless, Appellants argue that "the Appellees' personal animus permeated the end decision, rendering the result invalid," and thereby depriving them of adequate process. *See* Appellants' Brief at 24.

Again, Appellants' own Complaint confirms that they were provided a full and complete opportunity to be heard on May 21, 2021, and that they were thereafter the subject of final adjudicative action in accordance with the administrative process set out in KRS Chapter 13B (Complaint, R. 1, Page ID # 8-9, paragraphs 31 and 35). Additionally, Appellants failed to raise any plausible, factual inference that either Secretary Perry—or the other named Appellees—had any degree of personal animus towards the Appellants, much less one that "rendered the result invalid." Once more, this is a "conclusory allegation" that is "not entitled to the assumption of truth." *Iqbal* at 664. As such, this Court should affirm the District Court's dismissal of Appellants' procedural due process claim.

        *D. Appellants failed to allege a plausible substantive Due Process claim, or a plausible claim of arbitrary and capricious enforcement action, against Secretary Perry.*

As the lower Court correctly noted, "Where a plaintiff challenges a state administrative action under substantive due process, the 'scope of review by the federal courts is extremely narrow.'" (Order, R. 26, Page ID # 429) (*citing to MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011)). "To prevail, a plaintiff must show that the administrative action was arbitrary and capricious 'in the strict sense, meaning that there is no rational basis for the' administrative decision." *Id*. at Page ID # 429-430. "The standard is 'highly deferential' [and] only 'the most egregious official conduct' violates substantive due process." *Id*. at Page ID # 430 (*internal citation omitted*). Thus, "If any conceivable legitimate governmental interest supports the contested ordinance, that measure is not arbitrary and capricious and cannot violate substantive due process." *Id*. (*citing to 37712, Inc. v. Ohio Dep't of Liquor Control*, 113 F.3d 614, 620 (6th Cir. 1997)).

Appellants first allege that "state law completely foreclosed any of the actions taken by Appellees after June, 2021,"[10] such that ABC's continued pursuit of its pre-existing enforcement action constituted a substantive due process violation at any time following that date. However, as the District Court accurately pointed out, ABC's "enforcement action was also based on KRS 244.120, which prohibits a

---

[10] *See* Appellants' Brief at 22.

licensed establishment from 'acts constituting disorderly behavior.' As the emergency suspension order provides, the KRS 244.120 basis for the action 'is independent of the first and does not rely on the Governor's Executive Orders.'" (Order, R. 26, Page ID # 430, *citing to* R. 23-3 at Page ID # 344-345). The Court also appropriately highlighted Appellants' failure to address this alternate basis for enforcement action (*Id.*, *citing to* R. 24 at Page ID # 388-391), and properly noted that Kentucky "certainly possesses a legitimate interest in 'regulating the types, modes, and circumstances of alcohol sales.'" *Id.* (*citing to 37712, Inc.*, 113 F.3d at 620).

While Appellants next argue that engaging in an "activity…in contravention of plain statutory law" gives rise to a substantive due process violation,[11] this Court has previously held that alleged state law violations do not implicate federal substantive due process. *See In re City of Detroit, Mich.*, 841 F.3d 684, 699-700 (6th Cir. 2016) ("Rights derived from state law, as opposed to the [federal] Constitution usually do not make the [substantive due process] cut.")

Finally, Appellants contend that they received disparate treatment when compared to similarly-situated businesses—in the absence of any legitimate government interest—because Secretary Perry, among other Appellees, allegedly

---

[11] *See* Appellants' Brief at 22, *citing to Oswald v. Beshear*, 2:21-cv-00096, at Doc.11.

directed that no settlement offer be extended to Appellant Brewed (while other like businesses were presented with settlement offers). *See* Appellants' Brief at 22. Setting aside the absurdity of Appellants' allegation, the District Court correctly recognized that a rational basis for that distinction existed: Appellees' "'conceivable legitimate governmental interest' for the enforcement…[of] KRS 244.120 and preventing disorderly behavior related to an establishment with an alcohol license." (Order, R. 26, Page ID # 431, *citing to 37712, Inc.*, 113 F.3d at 620).

Appellants "fail to raise a plausible claim that enforcement is arbitrary and capricious." *Id*. This Court should therefore affirm the District Court's dismissal of Appellants' substantive due process claim.

**II.     The District Court correctly held that Secretary Perry is entitled to immunity.**

The Eleventh Amendment to the United States Constitution generally affords sovereign immunity to the Commonwealth of Kentucky. U.S. Const. Amend. XI. That immunity typically deprives federal courts of subject matter jurisdiction when a citizen brings suit against a State, unless: (1) the State has waived its immunity; or (2) Congress has abrogated that sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). Furthermore, a suit against a state official in his official capacity is considered to be a suit against the state, itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

A third exception to this general rule was established by *Ex Parte Young*, 209 U.S. 123 (1908), which permits federal courts to enjoin "officials who are violating or threatening to violate the constitution" (Order, R. 26, Page ID # 413). However, that exception "does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute." *Children's Healthcare is a Legal Duty v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996). Put differently, the *Ex Parte Young* exception does not apply to state officials who "[are] not expressly directed to see to [the allegedly unconstitutional statute's] enforcement." *Ex Parte Young* at 157. Because Secretary Perry is not "expressly directed to see to" the ABC enforcement actions at issue here—a directive which is instead delegated to the ABC Commissioner[12]—the *Ex Parte Young* exception is inapplicable, and the general rule of *Will* and *Halderman* instead controls.

Moreover, the District Court correctly determined that Appellants' "First Amendment and procedural Due Process claims do not allege an 'ongoing violation of federal law'… [nor do they] seek 'relief properly characterized as prospective.'" (Order, R. 26, Page ID # 414) (*citing to Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002)). As the District Court reasoned, "The source of the claims is that the

---

[12] *See* KRS 12.252(1), stating, "Commissioners…shall perform the functions, powers, and duties provided by law and prescribed by the secretary." *See also* KRS 241.015, stating, "The [ABC] commissioner shall head the department, shall be its executive officer, and shall have charge of the administration of the department and perform all functions of the department not specifically assigned to the board."

14

Defendants continued enforcement action against Plaintiffs after the General Assembly changed the law. But the enforcement action is complete and Brewed's alcohol license is revoked." *Id.* (*internal citations omitted*).  While Appellants may attempt to argue that ABC's pending appeal in the licensure revocation action alters the calculus, that effort would be futile for two reasons: (1) Secretary Perry is not "expressly directed to see to" that appeal, as established above;[13] and (2) the revocation action underlying that appeal was also based on a separate and independent statute—KRS 244.120—the constitutionality of which has not been challenged (again, as established above).[14]

Finally, Appellants' claims for individual monetary relief against Secretary Perry are barred by the doctrine of qualified immunity.  Qualified immunity shields "'government officials performing discretionary functions…from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (Order, R. 26, Page ID # 420) (*citing to Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "[O]nce a defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff, who must demonstrate both that the official violated a constitutional or statutory right, and that the right was so clearly established at the time of the alleged

---

[13] *Supra* at 14.
[14] *Supra* at 11-12.

15

violation that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *Id*. at Page ID # 420-421 (*citing to Thomas v. Plummer*, 489 F. App'x 116, 119 (6th Cir. 2012)).

As the lower Court properly concluded and as the foregoing argument further confirms, "[Appellants] fail[ed] to allege that [Secretary Perry's] conduct violated the [Appellants]' First or Fourteenth Amendment rights. Consequently, the [Appellees] are entitled to qualified immunity from suit for monetary damages in their individual capacities." *Id*. at Page ID # 421. As such, the District Court's Order should be affirmed on that basis as well.

## CONCLUSION

WHEREFORE, Appellee, Ray Perry, respectfully requests that this Court affirm the District Court's dismissal of Appellants' Complaint against him, in both his official and individual capacities, for each of the reasons set out above.

Respectfully submitted,

*/s/ Chad Thompson*
T. Chad Thompson
Deputy General Counsel
Kentucky Public Protection Cabinet
Chad.Thompson@ky.gov
***Counsel for Ray Perry***

16

<u>**CERTIFICATE OF COMPLIANCE**</u>

I hereby certify that this Brief complies with the type-volume limitation of Fed. R. App. P. 32, because it contains 3,576 words and uses proportionally spaced typeface of Times New Roman in 14-point size.

*/s/ Chad Thompson*
**Counsel for Ray Perry**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 12, 2024, I electronically filed the foregoing Brief via the Court's CM/ECF system, thereby causing counsel of record to be served.

*/s/ Chad Thompson*
**Counsel for Ray Perry**

# ADDENDUM

Pursuant to Sixth Circuit Rules 28(b) and 30(g), Appellee, Ray Perry, hereby designates the following filings from the district court's electronic record:

| R. | Document | Page ID # |
|---|---|---|
| 1 | Complaint | 4-5; 8-9 |
| 7 | Perry Motion to Dismiss | 61-63 |
| 19 | Response to Beshear Motion to Dismiss | 256 |
| 23-3 | Emergency Suspension Order | 344-353 |
| 23-4 | Notice of Violation | 354-357 |
| 24 | Response to Newton Motion to Dismiss | 388-391 |
| 26 | Order | 409-433 |
| 33 | Memorandum Opinion & Order | 489-498 |
| 34 | Judgment | 499 |
| 35 | Notice of Appeal | 500 |