# United States Court of Appeals
## FOR THE SIXTH CIRCUIT

ANDREW COOPERRIDER
and
DEANS DINER, LLC, d/b/a Brewed

     **Appellants**

**v.**

MAGGIE WOODS, Malt Beverage Administrator with the Kentucky Department of Alcoholic Beverage Control; ANDREW G. BESHEAR, Governor of Kentucky; RAY A. PERRY, Secretary of Public Protection Cabinet; ALLYSON TAYLOR, Commissioner of the Kentucky Department of Alcoholic Beverage Control; WESLEY WARDEN DUKE, General Counsel for the Kentucky Cabinet for Health and Family Services; JOSHUA NEWTON, General Counsel for the Kentucky Department of Alcoholic Beverage Control, in their individual and official capacities

     **Appellees**

**On Appeal from the United States District Court
For the Eastern District of Kentucky, 3:22-cv-00016**

**BRIEF FOR APPELLEES, MAGGIE WOODS AND ALLYSON TAYLOR**

*/s/ Jan M. West*
Jonathan D. Goldberg, Esq. (KBA# 25850)
Jan M. West, Esq. (KBA#83602)
J. W. Hall, Esq. (KBA# 99539)
Goldberg Simpson, LLC
9301 Dayflower Street
Prospect, Kentucky 40059
jwest@goldbergsimpson.com
PH: (502) 589-4440 / FAX: (502) 410-0528
*Counsel for Appellees, Woods and Taylor*

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………..………..…..i

TABLE OF AUTHORITIES……………………………………………......………..ii

STATEMENT CONCERNING ORAL ARGUMENT……………………...……...……...……iv

STATEMENT OF JURISDICTION...…………………………………………..1

COUNTERSTATEMENT OF THE ISSUES……………..……………...……………...1

COUNTERSTATEMENT OF THE CASE…………………………...……………...1

SUMMARY OF THE ARGUMENT……………………………………………...3

ARGUMENT…………………………………………………….…..4

    I.      Standard of Review………………………………….………………..4

    II.     Appellants Failed to Provide More than General Conclusory Allegations to Support Their Claims of First Amendment Violations…….……………..5

    III.    The District Court was Correct to Dismiss the Appellants' Procedural and Substantive Due Process Claims Against Taylor and Woods…………..…..8

    IV.    Appellants' Claims Against Woods and Taylor for Injunctive Relief in Their Individual and Official Capacities are Barred by Sovereign Immunity………………………………………………..………..…..10

    V.    Appellants' Claims Against Taylor and Woods for Monetary Damages Were Correctly Dismissed Based on Absolute Immunity…………..…..…11

    VI.    Woods and Taylor are Entitled to Absolute Immunity on the First Amendment and Procedural Due Process Claims………………………..11

CONCLUSION………………………………………………….…...13

CERTIFICATE OF COMPLIANCE……………………………………...……...14

CERTIFICATE OF SERVICE……………………………………………………14

ADDENDUM………………………………………………………..14

# TABLE OF AUTHORITIES

**Cases**

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502 (6th Cir. 2013)…….....….....5

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)……………………………………………………….4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………………4, 5

*Butz v. Economou*, 438 U.S. 478 (1978)……………………………………………………11, 12

*Cmty. Mental Health Services v. Mental Health and Recovery Bd. Serving Belmont, Harrison & Monroe Counties*, 150 F.App's 389 (6th Cir. 2005)………………….………………..11

*Ex Parte Young*, 209 U.S. 157 (1908)……………………………………………….……1, 10

*Flying Dog Brewery, LLLP* v. *Mich. Liquor Control Comm'n*, 597 Fed. App'x. 342 (6th Cir. 2015)………………………………………………………………...…..…..12

*Imbler v. Pachtman*, 424 U.S. 409 (1976)………………………………………...………11

*Papasan v. Allain*, 478 U.S. 265 (1986)……………………………………………………4

*Prater v. City of Burnside, Ky.*, 289 F.3d 417 (6th Cir. 2002)…………………………….……4

*Shed v. Oklahoma ex rel. Oklahoma Department of Human Services*, 2017 WL 1496039 (Apr. 25, 2017)………………………………………………………...…….6, 7

*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)……………………………………….6

**United States Codes**

28 U.S.C. § 1291……………………………………………………………………….....1

28 U.S.C. § 1331………………………………………………………………………...1

**Statutes**

21 RS HB 1………………………………………………………………………..3, 7

21 RS HB 192………………………………………………………………………………...3, 7

Ky. R. Stat. § 13B.050………………………………………………………………………12

Ky. R. Stat. § 13B.090……………………………………………………………………..12

Ky. R. Stat. § 13B.150……………………………………………………………………..12

Ky. Rev. Stat. § 243.520…………………………………………………………………..12

Ky. R. Stat. § 244.120……………………………………………………………………..2, 10

**Rules**

Fed. R. Civ. P. 8(a)(2)……………………………………………………………………….5, 6

Fed. R. Civ. P. 12(b)(1)…………………………………………………...…………………4

Fed. R. Civ. P. 12(b)(6)…………………………………………………...…………4

## STATEMENT CONCERNING ORAL ARGUMENT

The Appellees Woods and Taylor believe this is a straightforward appeal that involves only questions of law. The Appellees do not believe an oral argument is required but will be happy to have an oral argument if the Court believes it would be helpful to clarify the issues.

## STATEMENT OF JURISDICTION

The District Court held jurisdiction under 28 U.S.C. § 1331. The Court entered its Final Order and Judgment on March 19, 2024. (Judgment, R. 34, Page ID # 499). Appellants' timely Notice of Appeal was filed on April 15, 2024. (Notice of Appeal, R. 35). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## COUNTERSTATEMENT OF THE ISSUES

1. Was the District Court correct in holding that the Appellants' Complaint contained only averments consisting of mere conclusory allegations?

2. Was the District Court correct in dismissing Appellants' First Amendment Retaliation claims?

3. Was the District Court correct in dismissing Appellants' Due Process claims?

4. Was the District Court correct in denying prospective injunctive relief to Appellants under *Ex Parte Young*?

## COUNTERSTATEMENT OF THE CASE

Appellant, Andrew Cooperrider ("Appellant Cooperrider") resides in Lexington, Kentucky and is the sole member of Appellant, Deans Diner, LLC d/b/a Brewed("Appellant Brewed"). (Pl.'s Ver. Compl., Doc. 1, ¶¶ 2-3). Appellee, Andrew Beshear is the Governor of Kentucky. (Id. ¶ 4). Appellee, Ray Perry is the Secretary of the Public Protection Cabinet. (Id. ¶ 5). Appellee, Allyson Taylor is the Commissioner of the Kentucky Department of Alcoholic Beverage Control. (Id. at ¶ 6). Appellee, Maggie Woods is the Malt Beverage Administrator with the Kentucky Department of Alcoholic Beverage Control. (Id. at ¶ 7). Appellee, Wesley Duke is the General Counsel for the

1

Kentucky Cabinet for Health and Family Services. (Id. at ¶ 8). Appellee, Joshua Newton is the General Counsel for the Kentucky Department of Alcoholic Beverage Control. (Id. ¶ 9). Each of the foregoing Appellees were sued in their official and individual capacities. (Id. at ¶¶ 4-9).

During the COVID-19 pandemic, Appellants made social media posts criticizing Governor Andrew Beshear's efforts to stop the spread of the coronavirus. (Id. ¶¶ 12-13). In response to the rapidly rising infection rates at the start of the pandemic, Executive Orders were issued by Governor Beshear that required masks to be worn in public and halted indoor dining service for restaurants. (Id. ¶ 17). Appellants acknowledged and admitted that these Executive Orders were authorized under KRS Chapter 39A. (Id.).

Appellants alleged that Governor Beshear knew about the Appellants' social media posts and expressed anger at the criticism. (Id. ¶ 16). The ABC initiated an enforcement action against Brewed in November 2020. (Id. ¶ 18). The ABC initially entered an emergency order suspending Brewed's alcohol license on the bases that Brewed violated Governor Beshear's Executive Orders and disorderly conduct pursuant to Ky. R. Stat. § 244.120. Id.

In February and March, 2021, the Kentucky legislature passed a number of new laws intended to address the Executive Orders, including a statute that provides that businesses my remain open if they adopt an acceptable operating plan and a budget bill instructing that no state funds or employee time valued at over $10,000.00 shall be expended in implementation or enforcement of an unauthorized Executive Order. (Id. ¶¶ 21-27).

2

A hearing was held by the ABC on Brewed's enforcement action in May, 2021. (Id. ¶ 31).  Appellants allege that Appellees, Governor Beshear, Secretary Perry and Wesley Duke (General Counsel for the Cabinet for Health and Family Services) refused to offer Appellants an opportunity to settle the case. (Id. ¶ 34).  A final revocation hearing was held by the ABC in March, 2022 and Brewed's alcohol license was revoked.  (Id. ¶ 35).  The Complaint claimed that the Appellees directed ABC to revoke Brewed's license contrary to the hearing officer's recommendation.  (Id.)  Appellants alleged that Woods and Taylor had knowledge of Brewed's proposed operating plan and continued to pursue Brewed in violation of the budgetary restrictions in 21 RS HB 192.  (Id. ¶ 33).

Appellants brought their claims on March 24, 2022.  (Pl.'s Ver. Compl., Doc. 1, pageID#1-14) Appellants asserted claims for violation of the First Amendment and alleged violations of Substantive and Procedural Due Process against all Appellees collectively.  (Id. ¶¶ 36-50).

## SUMMARY OF THE ARGUMENT

The Appellants have failed to state a viable claim based on ABC's denial of a liquor license requested by Appellant. More specifically, the District Court properly held that Appellants failed to support their claims against Appellees for violations of the First Amendment, and violations of substantive and procedural due process. Not only are Appellant's claims against Taylor and Woods barred by sovereign immunity, but also by absolute immunity. The District Court properly found Taylor and Woods are entitled to injunctive relief in both their individual and official capacities and properly dismissed all claims.

3

**ARGUMENT**

### I. Standard of Review

A court may dismiss a complaint pursuant to FRCP 12(b)(1) and 12(b)(6) for "lack of subject matter jurisdiction" or a plaintiff's "failure to state a claim upon which relief can be granted." The court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted).

Under the established standard of *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Applying this standard does not require proof that a defendant's liability is probable, but instead, "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Importantly, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Applying the standard of *Iqbal* to the minimal allegations of the instant case, Appellants have failed to demonstrate entitlement to relief from Woods or Taylor in either their official or individual capacities. Accordingly, the Complaint against Woods and Taylor should be dismissed, with prejudice.

4

## II.     Appellants Failed to Provide More than General Conclusory Allegations to Support Their Claims of First Amendment Violations.

The Appellants alleged that all Appellees violated their First Amendment rights by retaliating against them for Appellants' social media posts which purportedly angered the Appellees. (Pl.'s Ver. Compl., Doc. 1, ¶¶ 36-43.) The Appellants have failed to plead facts supporting the conclusion that Taylor and Woods were angered by the Appellants' social media posts. Likewise, there are no facts supporting the Appellants' conclusion that Taylor and Woods retaliated against them by revoking Brewed's license in a "vindictive and retaliatory manner". (Id. ¶¶ 12-35).

A complaint in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to plead a plausible federal civil rights claim, a plaintiff must additionally "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). **A pleading that offers "labels and conclusions" will not do**. *Twombly*, 550 U.S. at 555 (emphasis added). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The inquiry as to plausibility is "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-

5

'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

> The *Twombly* standard "may have greater bite" in the context of a § 1983 claim against individual government actors, because they typically include complex claims against multiple defendants. **[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.**

*Shed v. Oklahoma ex rel. Oklahoma Department of Human Services*, 2017 WL 1496039, at *2 (Apr. 25, 2017) (emphasis added). Accordingly, it is a requirement that a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The minimal, conclusory allegations raised by the Appellants in their Complaint as they relate to Woods and Taylor's alleged retaliation fall significantly short of the plausibility standard set forth in *Iqbal* and *Shed*. A retaliation claim requires a plaintiff to satisfy three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (internal citations omitted). The Sixth Circuit has adopted the definition of adverse action as "one that would 'deter a person of ordinary firmness'" from exercising their right. *Id.*

Here, Appellants generally reference posts made by themselves that were critical of the Governor and his Executive Orders in response to the Covid-19 pandemic. Appellants provide no examples of the purportedly contentious social media posts, or

any of Appellees' responses thereto. Rather, the Appellants make the conclusory allegation that all "Defendants were each aware of, and angered by, the social media activity of the Appellants." Appellants do not cite any statement or action of Woods nor Taylor to support this allegation. They instead vaguely allege that Taylor — but curiously not Woods-- was part of a concerted effort with Appellee Duke (who has been dismissed from this action) and Appellee Newton (who has also been dismissed), to "deprive Appellants of their alcohol licenses". (Pl.'s Ver. Compl., ¶¶ 12-35). These bald allegations are insufficient and fail to demonstrate a plausible claim against either Woods or Taylor under *Iqbal*, and even more so under *Shed*.

To highlight the utter absence of factual support in the Appellants' complaint, the full extent of allegations specific to Woods and/or Taylor are listed as follows:

> 6. Appellee, **Allyson Taylor**, is the Commissioner of the Kentucky Department of Alcoholic Beverage Control, who presently is believed to reside in Jefferson County, Kentucky; she is sued in her individual and official capacities.
>
> 7. Apellee, **Maggie Woods**, is the Malt Beverage Administrator with the Kentucky Department of Alcoholic Beverage Control, who presently is believed to reside in Jefferson County, Kentucky; she is sued in her individual and official capacities.
>
> 20. Email communications by and between Appellees Duke, Newton, and **Taylor**, in particular reflect a concerted effort to deprive Appellants of their alcohol licenses, irrespective of any hearing, law change, or any other matter, in December, 2020.
>
> 33. Internal emails, communications, and witnesses have confirmed that Apellees Beshear, Perry, **Taylor**, **Woods**, Duke, and Newton each: (i) on and after August 21, 2021, had knowledge of the existence of Brewed's HB 1 plan, and deliberately chose to continue their illegal enforcement against Brewed; and (ii) were aware of the budgetary restrictions in 21 RS HB 192 relating to their illegal actions, and on and after June 28, 2021, repeatedly and flagrantly chose to disregard those restrictions.

> 35. On or about March 4, 2022, Appellees **Taylor** and **Woods** took final action, in conjunction with Appellees Newton, to revoke Brewed's alcohol license, in violation of 21 RS HB1 and 21 RS HB 192. This was done contrary to the recommendation of the hearing officer that heard the matter, and was done in a vindictive and retaliatory manner by their voluntary actions, and in accord with directives they received from Appellees Beshear, Perry, and Duke. These actions were taken primarily to punish Brewed and Cooperrider for their First Amendment protected speech.

The above conclusory allegations failed to provide the district court with adequate facts to proceed in hearing Appellants' claims. *Twombly*, 550 U.S. at 557. Appellants provide no statements attributable to either Woods or Taylor in either their individual or official capacities, nor do they even indicate the manner in which an "illegal enforcement" action was conducted. Simply saying something is illegal does not make it so. Appellants openly admit that they obtained a settlement with the ABC relating to COVID-19 law enforcement.[1] Appellants notably do not allege bad faith on the part of Woods or Taylor in reaching that resolution. Appellants also have not alleged any defect in the administrative hearing process. Ultimately, the Appellants received an administrative hearing before a neutral hearing officer who found a violation of law had occurred. (Pl.'s Ver. Compl., ¶¶ 12-35).

### III. The District Court was Correct to Dismiss the Appellants' Procedural and Substantive Due Process Claims Against Taylor and Woods.

Appellants have alleged that all Appellees violated their procedural due process rights under the Fourteenth Amendment by failing "to discontinue their enforcement

---

[1] *See* Complaint ¶34, Appellants admit ("[…] other enforcement related measures related to COVID-19 restrictions were resolved via settlement with the Department of Alcoholic Beverage Control…")

proceedings against Appellants after state law prohibited the enforcement." (Id. ¶ 46).
As the District Court found, procedural due process "does not require that the government refrain from making a substantive choice to infringe upon a persons' life liberty or property interest. It simply requires that the government provide 'due process' before making such a decision" (Memorandum Opinion and Order, March 23, 2023, Doc. 26, p. 20, citing *Howard v. Grinage*, 82 F.3d 1343., 1349 (6th Cir. 1996). Since the Appellants did not dispute that they received notice and an opportunity to be heard, there can be no procedural due process violation. *Id.* In fact, the Appellants had a hearing before the ABC and then appealed the revocation of their license in state court. (Pl.'s Ver. Compl., ¶ 35.). Consequently, the Appellants' procedural due process claim must be dismissed for failure to state a claim upon which relief may be granted. *Howard,* 82 F.3d at 1349.

The Appellants also claim that the Appellees' failure to discontinue the enforcement proceedings after passage of the legislation which essentially abrogated the Executive Orders violated their Fourteenth Amendment substantive due process rights. (Pl.'s Ver. Compl., ¶¶ 44-50). In order to prove this claim, the Appellants must show that the administrative action was arbitrary and capricious "in the strict sense, meaning that there is no rational basis for the administrative decision" and that only the most egregious conduct can support such a claim (Memorandum Opinion and Order, March 23, 2023, Doc. 26, p. 22, citing *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)).

The ABC enforcement action was based on the Executive Orders but was also based on grounds independent of the Executive Orders at issue. (Memorandum Opinion and Order, March 23, 2023, Doc. 26, p. 22). One basis for this action was Ky. R. Stat. §

9

244.120 which prohibits a licensed establishment from engaging in acts constituting disorderly behavior.  *Id.*  Thus, there was a rational basis for the administrative decision. Id.  Further, the Appellants failed to show that the enforcement was arbitrary as there is a legitimate government interest in enforcement of disorderly behavior.  Id. at p.23.

**IV.    Appellants' Claims Against Woods and Taylor for Injunctive Relief in Their Individual and Official Capacities are Barred by Sovereign Immunity.**

The District Court followed established precedent in the Sixth Circuit finding that the Eleventh Amendment bars suits against states and state agencies in federal court unless the states legislature has waived immunity or consented to suit.  (Memorandum Opinion and Order, March 19, 2024, Doc. 33, p. 5, citations omitted).

There is an exception to this rule under *Ex Parte Young*, 209 U.S. 157 (1908), wherein officials who are violating or threatening to violate the Constitution "may be enjoined by a Federal court of equity from such action[.]"  209 U.S. at 155-156.  Although the Appellants made a claim for injunctive relief, as the District Court found, the Appellants are not actually seeking prospective relief in this case.  Brewed's alcohol license had been revoked and the ABC enforcement action had been completed (Memorandum Opinion and Order, March 19, 2024, Doc. 33, p. 5,).  Therefore, the claim for injunctive relief against Taylor and Woods in their official capacities was correctly dismissed on grounds of sovereign immunity.  209 U.S. at 155-156.

The District Court also held that a plaintiff cannot "sue a defendant in his individual capacity for an injunction" that relates solely to the official's job (Memorandum Opinion and Order, March 23, 2023, Doc. 26, p. 9) (citing *Cmty. Mental*

10

*Health Services v. Mental Health and Recovery Bd. Serving Belmont, Harrison & Monroe Counties*, 150 F.App'x 389, 401 (6th Cir. 2005)). The Appellants' request for injunctive relief against Taylor and Woods in their individual capacities related solely to their jobs as Administrator and Commissioner of the ABC; therefore, the request for injunctive relief against Taylor and Woods in their individual capacities was correctly dismissed. 150 F.App'x at 401.

**V.      Appellants' Claims Against Taylor and Woods for Monetary Damages Were Correctly Dismissed Based on Absolute Immunity.**

Because Appellants' request for injunctive relief against Taylor and Woods in their individual capacities related solely to their jobs as Administrator and Commissioner of the ABC, that claim was correctly dismissed. *Butz* v. *Economou*, 438 U.S. 478, 516 (1978). The Administrator and Commissioner of ABC, Taylor and Woods, are entitled to absolute immunity for their decision to initiate and continue enforcement proceedings against Brewed. *Id.* Determining whether to initiate or continue a proceeding against a defendant is a prosecutorial function and prosecutors are entitled to absolute immunity from civil suit, regardless of bad faith or improper motive (Memorandum Opinion and Order, March 23, 2023, Doc. 26, p. 11, citations omitted).

Therefore, the District Court was correct to dismiss claims for monetary damage claims asserted by the Appellants against Taylor and Woods in their individual capacities. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

**VI.      Woods and Taylor are Entitled to Absolute Immunity on the First Amendment and Procedural Due Process Claims.**

The District Court was correct to dismiss the First Amendment and Procedural

Due Process Claims against Woods and Taylor based on absolute immunity. *Butz* v. *Economou*, 438 U.S. 478, 516 (1978). Appellants reliance on *Flying Dog Brewery, LLLP* v. *Mich. Liquor Control Comm'n,* 597 Fed. App'x. 342 (6th Cir. 2015) is misplaced, as that case addressed application of quasi-judicial immunity in the narrow circumstance of "beer label registration applications[.]" 597 Fed. App'x. at 349. Indeed, this Court observed the "more extensive procedural safeguards to parties who appear before the Hearing Commissioners due to liquor violations than to parties who appear before the Administrative Commissioners on initial licensing matters." *Id*. at 350. Specifically, this Court faced no questions regarding "other factual situations the Administrative Commissioners may face" or "whether the Hearing Commissioners who suspend or revoke liquor licenses in disciplinary cases are entitled to quasi-judicial immunity." *Id.*

Unlike the beer label hearing considered in *Flying Dog*, a slew of provisions govern notice and rights of inspection and to counsel, among other notices and rights, for Kentucky administrative hearings. Ky. R. Stat. § 13B.050. Administrative hearings in Kentucky require findings of fact based on the evidence of record. Ky. R. Stat. § 13B.090(1). Parties may inspect witness lists and evidence at least five days prior to hearing. Ky. R. Stat. § 13B.090(3). "Objections to evidentiary offers may be made by any party and shall be noted in the record." Ky. Rev. Stat. §13B.090(4). A party's right to the hearing afforded under Chapter 13B is guaranteed by statute. Ky. Rev. Stat. § 243.520. Judicial review of final orders occurs pursuant to statute, whereby, *inter alia*, "violation of constitutional or statutory provisions" can be cause for reversal or remand. Ky. R. Stat. § 13B.150(2).

It was the lack of findings of fact and conclusions of law (associated with beer label denials) that this Court recognized as concerning and a potential shortcoming related to safeguards reducing the need for private damages to control unconstitutional conduct. 597 Fed. App'x. at 349. This Court recognized, however, that the "more extensive procedural safeguards" for Michigan's liquor licensing matters (versus initial licensure matters) "reduce the need for private damages actions." Id. (internal citation omitted). Those safeguards were comparable to some of the above-listed Kentucky provisions, including but not limited to at least 20 days' notice, a complaint identifying the grounds for the agency action, and advisement of the right to counsel and to inspect witness lists and evidence ahead of the hearing. *Id*.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Appellees Allyson Taylor and Maggie Woods respectfully request that this Court affirm the District Court's ruling and dismiss all claims against them in their official and individual capacities.

Respectfully submitted,

*/s/ Jan M. West*
Jonathan D. Goldberg, Esq. (KBA# 25850)
Jan M. West, Esq. (KBA#83602)
J. W. Hall, Esq. (KBA# 99539)
Goldberg Simpson, LLC
9301 Dayflower Street
Prospect, Kentucky 40059
jwest@goldbergsimpson.com
PH: (502) 589-4440 / FAX: (502) 410-0528
*Counsel for Appellees, Woods and Taylor*

**CERTIFICATE OF COMPLIANCE**

As required by Fed. R. App. P. 32(g) and 6th Cir. R. 32(a), I certify that this Appellees' Brief contains 3,500 words. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared double-spaced and in 12-point Book Antiqua font using Microsoft Word.

*/s/ Jan M. West*
*Counsel for Appellees, Woods and Taylor*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served upon counsel of record, this 12th day of August, 2024, by filing the same with the Court via the CM/ECF system and via electronic mail upon counsel of record.

*/s/ Jan M. West*
*Counsel for Appellees, Woods and Taylor*

**ADDENDUM**

Appellees Woods and Taylor, pursuant to the Sixth Circuit Rules 28(b) and 30(g), designate the following filings from the District Court's electronic record:

| Document ID | Date | Description | Page ID |
|---|---|---|---|
| 1 | 03/24/2022 | Complaint | 1-14 |
| 26 | 03/23/2023 | Memorandum Opinion & Order | 409-433 |
| 27 | 03/28/2023 | Motion to Dismiss | 434-449 |

| 33 | 03/19/2024 | Memorandum Opinion & Order | 489-498 |
| 34 | 03/19/2024 | Judgment | 499 |