No. 24-5351

# UNITED STATES COURT OF APPEALS
## for the SIXTH CIRCUIT

ANDREW COOPERRIDER and DEANS DINER, LLC, dba Brewed
Plaintiffs-Appellants

v.

MAGGIE WOODS, Malt Beverage Administrator with the Kentucky Department
of Alcoholic Beverage Control; ANDREW BESHEAR, Governor of Kentucky;
RAY PERRY, Secretary of the Public Protection Cabinet; ALLYSON TAYLOR,
Commissioner of the Kentucky Department of Alcoholic Beverage Control;
WESLEY WARDEN DUKE, General Counsel of the Kentucky Cabinet for Health
and Family Services; JOSHUA NEWTON, General Counsel of the Kentucky
Department of Alcoholic Beverage Control, in their individual and official
capacities Defendants-Appellees On Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington, Civil Action No. 3:22-CV-0016
*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
No. 3:22-cv-00016-GFVT

## APPELLEE BRIEF OF WESLEY DUKE

LeeAnne Applegate
Cabinet for Health and Family Services
275 E. Main St.
Frankfort, KY 40601
502-564-7905
LeeAnne.Applegate@ky.gov

*Counsel for Wesley Duke*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ……………………………………………………ii-iii

TABLE OF AUTHORITIES………………………………………………iv-v

STATEMENT CONCERNING ORAL ARGUMENT ……………………  vi

STATEMENT OF THE ISSUES……………………………………………1

STATEMENT OF THE CASE………………………………………,,,  2

FACTUAL BACKGROUND ……………………………………………  3

SUMMARY OF THE ARGUMENT…………………………………….  7

ARGUMENT…………………………………………………………..  7

    I.     Standard of Review ……………………………………  7

    II.    The Complaint Fails to Set Forth a Plausible Claim ………….  8

    III.   Duke Has Qualified Immunity ………………………………..  10

    IV.   The Complaint Fails to State a Claim For Which Relief Can Be Granted ……………………………………………………… 12

        A. Appellants Cannot Prevail On Their First Amendment Retaliation Claim As to Duke ……………………………..  12

        B. Appellants Cannot Prevail On Their Due Process Claims Against Defendant Duke …………………………  15

            1. The Complaint Fails to Allege a Procedural Due Process Violation Against Duke ……………………  15

            2. The Complaint Fails to Allege A Substantive Due Process Violation Against Duke ………………  16

CONCLUSION…………………………………………………………………….19

CERTIFICATE OF COMPLIANCE…………………………………………………..19

CERTIFCATE OF SERVICE…………………………………………………………20

ADDENDUM……………………………………………………………………..…21

# TABLE OF AUTHORITIES

**Cases**

*Beshear v. Osborne*, Franklin Cir. Ct., Civil Action No. 21-CI-00089, (Apr. 7, 2021) 3

*Cameron v. Beshear*, 628 S.W.3d 61 (Ky. 2021) 3

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) 4

*Deans Diner, LLC d/b/a Brewed v. Alcoholic Beverage Control Board*, Civil Action No. 22-CI-00894 (Fayette Cir. Ct. June 4, 2024). 4

*Booth Fam. Tr. v. Jeffries*, 640 F.3d 134 (6th Cir. 2011) 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) 7, 8,9

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) 7

*Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756 (6th Cir. 2020) 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) 8-9

*Cmty. Mental Health Servs. v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 410 (6th Cir. 2005)).) 11

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) 11

*Barrett v. Steubenville City Schs.*, 388 F.3d 967, 970 (6th Cir. 2004) 11

*Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006) 12

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) 13

*Ryan v. Blackwell*, 979 F.3d 519, 525 (6th Cir. 2020) 13

*Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999) 14

*Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 605 (6th Cir. 2022) 14

*Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). 15

*Carey v. Piphus*, 435 U.S. 247, 259 (1978 16

*Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). 16

*Bowers v. City of Flint*, 325 F.3d 758, 763 (6th Cir. 2003)      17

*Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014)      17

*MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011)      17

*Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997)   17

*37712, Inc. v. Ohio Dep't of Liquor Control*, 113 F.3d 614, 620 (6th Cir. 1997)   18

**Constitutional Provisions**

U.S. Const. Amend. XI      5

U.S. Const. Amend. I      8,9,12,15

U.S. Const. Amend. XIV      12,14,16

**Federal Statutes**

42 U.S.C. § 1983      3, 11

**State Statutes**

Ky. Rev. Stat. Ann. § 244.120      1,2,13,17

## STATEMENT CONCERNING ORAL ARGUMENT

Wesley Duke does not believe oral argument will assist the Court in resolution of

this matter.

## STATEMENT OF THE ISSUES

1. Did the District Court Correctly hold that Appellants failed to plead a plausible First Amendment retaliation claim against Cabinet for Health and Family Services General Counsel Wesley Duke?

2. Did the District Court correctly hold that Appellants failed to plead a plausible procedural or substantive due process violation against Cabinet for Health and Family Services General Counsel Wesley Duke?

3. Did the District Court correctly hold that qualified immunity bars the claims seeking monetary relief against Cabinet for Health and Family Services General Counsel Wesley Duke in his individual capacity?

## STATEMENT OF THE CASE

Plaintiffs-Appellants Andrew Cooperrider and Deans Diner, LLC d/b/a Brewed ("Brewed") filed suit following the revocation of Brewed's alcohol license by the Kentucky Department of Alcoholic Beverage Control ("ABC") for failure to comply with the Governor's executive orders addressing COVID-19 as well as Ky. Rev. Stat. Ann. § 244.120. Plaintiffs-Appellants named Wesley Duke, General Counsel for the Cabinet for Health and Family Services, in the suit based on the allegation that ABC acted at Duke's direction in revoking Brewed's alcohol license. The District Court properly dismissed Duke from the lawsuit on March 23, 2023. This appeal followed.

## FACTUAL BACKGROUND

Appellant Cooperrider owned Appellant Brewed. In March 2020, Cooperrider made "highly critical" social media posts on his social media page and that of Brewed regarding Governor Beshear's COVID-19 response. (Complaint, RE 1, Page ID# 4, ¶¶ 12-13.) By November 2020, Cooperrider had "engaged in a series of highly critical posts regarding Defendant Beshear and his shuttering of restaurants and bars." (*Id*.) Appellants continued to make similar posts from November 2021 to the date they filed the Complaint. (*Id.* at ¶ 14). Appellants allege "[e]mail communications by and between Defendants Duke, Newton, and Taylor, in particular reflected a concerted effort to deprive Plaintiffs of their alcohol licenses,

irrespective of any hearing, law change, or any other matter, in December, 2020."
(*Id.* at ¶ 20.) Appellants allege that Duke "directed that no [] settlement be offered to Brewed" regarding the ABC enforcement action. (*Id.* at ¶ 34.)

The COVID-19 emergency executive orders at issue "required masks indoors, and prohibited indoor dining and drinking in restaurants and bars." (*Id.* at ¶ 17.) Appellants concede these executive orders were lawfully issued. (*See id.*) On or about November 25, 2020, ABC instituted an administrative enforcement action against Brewed, seeking revocation of its alcohol licenses for non-compliance with the Governor's executive orders, as well as Ky. Rev. Stat. Ann. § 244.120. (*See id.* at ¶ 18.)

On January 8, 2021, Cooperrider led an unsuccessful "effort to seek the impeachment of Governor Beshear". (*Id.* at ¶ 19.) Appellants allege that this prompted "other retaliatory measures" that are unspecified. (*Id.*)

During the 2021 Regular Session, the General Assembly passed legislation to amend KRS Chapter 39A, including House Bill 1 ("HB1"), House Joint Resolution 77 ("HJR 77"), and certain provisions of House Bill 192 ("HB 192"), the budget bill. (*Id.* at ¶¶ 21-27.) The effective date for HB1 was to be February 2, 2021. (*Id.* ¶23.) The effective date for HJR 77 was to be March 30, 2021. (*Id.* ¶25.) The effective date for HB 192 was June 28, 2021. (*Id.* ¶27.) However, HB 1 and HJR 77 were

enjoined until September 14, 2021.[1] Appellants contend that the legislation should have halted the ABC administrative enforcement proceedings against Brewed. (*Id.* at ¶ 46.)

Brewed's license revocation hearing occurred on or about May 21, 2021. (*Id.* at ¶ 31.) On or about March 4, 2022, ABC took final action to revoke Brewed's alcohol license. (*Id.* at ¶ 35.) The hearing and final action necessarily concerned conduct that occurred prior to May 21, 2021.

Appellant alleges that unidentified communications and witnesses indicate Duke and others knew that Brewed had a HB1 plan and that they continued the ABC enforcement action despite this. (*Id.* at ¶33.) Appellants allege that Duke "directed" that no settlement of the matter be offered to them. (*Id.* at ¶34.)

On March 24, 2022, Appellants filed this matter alleging First Amendment retaliation and Fourteenth Amendment procedural and substantive due process under 42 U.S.C. § 1983. The Complaint sought declaratory and injunctive relief, as well as compensatory and punitive damages.

On March 31, 2022, Brewed appealed the revocation of its alcohol license to Fayette Circuit Court. In its appeal, Brewed argued, in part, that the administrative

---

[1] *See Beshear v. Osborne*, Franklin Cir. Ct., Civil Action No. 21-CI-00089, (Apr. 7, 2021); *Cameron v. Beshear*, 628 S.W.3d 61 (Ky. 2021).

enforcement proceedings continued in contravention of the 2021 legislation – HB 1, HJR 77, and HB 192.[2]

On April 25, 2022, Wesley Duke moved to dismiss Appellants' Complaint against him. On March 23, 2023, after full briefing, the District Court granted the Motion. (Memorandum Opinion & Order ("Order"), RE 26.) The District Court held that the official capacity claims against Duke were abandoned. (*Id*. at Page ID# 432.) The court granted the motion to dismiss the individual capacity claims against Duke. (*Id*.) The court dismissed the individual capacity claims seeking declaratory and injunctive relief because they are indistinguishable from the official capacity claims because the relief relates to governmental responsibilities and "would only be useful if applied to the Defendants' successors." (*See id.* at Page ID# 417-18.) Thus, the individual capacity claims against Duke for injunctive relief are entitled to sovereign immunity. A suit against a state official in his official capacity is considered to be a suit against the state, itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment to the United States Constitution generally affords sovereign immunity to the state. U.S. Const. Amend. XI.

---

[2] Fayette Circuit Court reversed ABC's final order revoking Brewed's license and remanded to ABC. Opinion and Order, *Deans Diner, LLC d/b/a Brewed v. Alcoholic Beverage Control Board*, Civil Action No. 22-CI-00894 (Fayette Cir. Ct. June 4, 2024). Both ABC and Brewed have appealed.

With respect to Appellants' claims for monetary relief, the court held that Duke was entitled to qualified immunity because Appellants did not meet the first prong of the qualified immunity doctrine: alleging conduct that violated a Constitutional right. (*Id.* at Page ID# 420-1.)

The Court next found that Appellants failed to state a First Amendment retaliation claim. The Court noted the complete absence of facts supporting the conclusion Duke was angered by the social media posts and that the enforcement action was "designed" to retaliate against Appellants. (*Id*. at Page ID# 422.) Then, turning to the elements of the claim, the Court held the continuation of administrative enforcement proceedings is not an adverse action, and even if it were, Appellant: failed to show that their speech had a causal connection to the enforcement action (*id.* at Page ID# 424-27); failed to state a procedural due process claim because the continuation of enforcement proceedings does not violate the notice and hearing requirements of procedural due process (*id*. at Page ID# 427-29); and failed to state a substantive due process claim because a rational basis for continuing the enforcement existed (*id.* at Page ID# 429-31).

On April 15, 2024, Appellants appealed both the March 2023 order that dismissed Duke and the final judgment to this Court. (Notice of Appeal, RE 35.)

## SUMMARY OF THE ARGUMENT

The District Court correctly dismissed Appellants' Complaint against Defendant Duke in his individual capacity. The Complaint's conclusory allegations are not sufficient to set forth plausible claims. The doctrine of qualified immunity bars Appellants' claims against Duke. Finally, Appellants' First Amendment retaliation as well as their Fourteenth Amendment procedural and substantive due process claims fail as a matter of law. This Court should affirm.

## ARGUMENT

### I.      Standard of Review

The district court decision is reviewed de novo on a motion to dismiss. *Booth Fam. Tr. v. Jeffries*, 640 F.3d 134 (6th Cir. 2011).  In considering a Rule 12(b) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756 (6th Cir. 2020).

However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted).

Under *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Facts that are "'merely consistent with' a defendant's liability" are insufficient for "entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.    The Complaint Fails To Set Forth A Plausible Claim.

Appellants' Complaint raises claims of First Amendment retaliation and procedural and substantive due process arising out of an ABC administrative action that resulted in the revocation of the alcohol license of Appellant. The Complaint contains only bare, conclusory allegations regarding Duke. No direct involvement or responsibility for the Department of Alcoholic Beverage Control is alleged. The Complaint, therefore, fails to state a claim for relief against Duke.

In *Ashcroft v. Iqbal*, the Supreme Court rejected allegations that Defendant "Ashcroft was the 'principal architect'" of the policy at issue and that Defendant Mueller was "instrumental" in its execution. 556 U.S. 662 (2009)  The Court found "[t]hese bare assertions . . . amounted to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim." *Id*. at 681 (quoting *Twombly*,

550 U.S. at 555). "[T]he conclusory nature of respondent's allegations" unsupported by pleading facts" disentitle[d] them to the presumption of truth." *Id.*

Appellants' Complaint asserts that Duke was angered by their social media posts. Plaintiffs do not include any statement or action by Duke to support this allegation. Plaintiffs allege generally that Duke was part of a concerted effort for ABC, organized under the Public Protection Cabinet, to institute and maintain a license revocation regarding Plaintiffs' admitted violations of Kentucky law. These bald allegations are insufficient as well. The Complaint baldly asserts that Duke "directed that no settlement be offered to Brewed, because the Defendants desired to punish Brewed and Cooperrider for their First Amendment protected speech." (Complaint, RE 1, Page ID## 8-9, ¶ 34.) Again, Appellants fail to allege a single statement or action by Duke. The Complaint further asserts that Brewed's alcohol license was revoked "in accord with directives they received from Defendant[] …Duke" "primarily to punish Brewed and Cooperrider for their First Amendment protected speech." (*Id.* at ¶ 35.) Like the allegations in *Ashcroft v. Iqbal*, these conclusory allegations merely parrot the elements of a First Amendment retaliation claim and are not entitled to be construed as true. There is no fact in Appellant's Complaint that supports a plausible claim that Duke was connected to or influenced the enforcement action by ABC. The Complaint fails to contain sufficient factual allegations that can be taken as true that would identify any connection between

Duke, General Counsel of the Cabinet for Health and Family Services, and the ABC proceedings under the Public Protection Cabinet that resulted in the revocation of Brewed's alcohol license.

No fact plead supports a plausible inference that Duke directed that any action be taken regarding the ABC administrative action. Any such inference is merely "possible" based on nothing more than a suggestion that such facts exist. Appellants claim to have communications and witnesses, but have identified neither. Their summary allegations are insufficient under *Iqbal*.

The Complaint fails to state a sufficient claim for relief against Duke. Therefore, this Court should affirm the District Court's dismissal of the individual capacity claims against him.

## III.    Duke Has Qualified Immunity.

The District Court was correct in holding that Appellants' individual capacity claims for declaratory or injunctive relief against Duke "are indistinguishable and will be treated the same as the Plaintiffs' official-capacity claims seeking the same relief."[3] (Order, RE26, Page ID# 417.) The District Court's Order granting Duke's motion to dismiss is correct in holding that "a plaintiff cannot 'sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only

---

[3] Appellants voluntarily dismissed their official capacity claims against Duke. (*See* Order, RE26, Page ID# 411.)

to the official's job.'" (*Id.* (quoting *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 410 (6th Cir. 2005)).) Further, "[a] plaintiff effectively seeks an injunction against a defendant in their official capacity, even when styled as individual-capacity relief, when the injunction 'would only be useful' to the plaintiff if the injunction transferred to the defendants' successors." (*Id.* (quoting *Cmty. Mental Health Servs.*, 150 F. App'x at 410).) Here, the relief sought, an injunction restoring the alcohol license, "relates only to the Defendants' government responsibilities for alcohol licensing and an injunction would only be useful if applied to the Defendants' successors . . .." (*Id.*)

Appellants' individual capacity claims for monetary relief against Duke are barred under the qualified immunity doctrine: "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff bears the burden to establish that a defendant is not entitled to qualified immunity. *Barrett v. Steubenville City Schs.*, 388 F.3d 967, 970 (6th Cir. 2004).

Appellants allege Duke engaged in "directing" that ABC offer no settlement to Brewed on its enforcement action. (Complaint, RE1, Page ID# 14.) If Duke had

done so or had any authority to do so, settlement of a pending enforcement action would be a discretionary act.  Further, as discussed, *supra*, in Section II Appellants fail to allege conduct that violated their First Amendment free speech or Fourteenth Amendment due process rights (*see* Order, RE 26, Page ID# 421) (or facts regarding any conduct by Duke) (see Complaint, RE1, Page ID# 1-14). Thus, qualified immunity bars the individual-capacity claims seeking monetary relief against Duke.

## IV.    The Complaint Fails To State A Claim For Which Relief Can Be Granted.

Construing the allegations in the most favorable light, the Complaint fails to allege any statement or action by Duke to plead a claim under 42 U.S.C. § 1983 for a First Amendment retaliation claim or violation of their Fourteenth Amendment procedural or substantive due process.

### A.    Appellants Cannot Prevail on Their First Amendment Retaliation Claim As to Duke.

To prevail on a claim under to 42 U.S.C. § 1983, plaintiffs must demonstrate that (1) "a person acting under color of state law"; (2) "deprived [them] of a right secured by the Constitution or laws of the United States." *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006). In a free speech retaliation claim, plaintiffs must prove that (1) they engaged in "protected conduct"; (2) an adverse governmental action was taken against them that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) "the adverse action was motivated at least in part

by the…protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, Appellants' Complaint fails to allege facts plausibly that Duke took any adverse action against them or that he was motivated by their protected speech.

The Complaint does not plead an adverse action by Duke. The Complaint alleges that he was part of "email communications" that "reflect a concerted effort to deprive Plaintiff of their alcohol license" (Complaint, RE 1, Page ID# 5, ¶ 20); knew "of the existence of Brewed's HB 1 plan, and deliberately chose to continue" the enforcement action at ABC (*id*. at ¶33); and "directed" that no settlement be offered in that matter (*id* ¶ 34). The Complaint, however, does not set forth any specific statement or action by Duke or allege how he adversely impacted Appellant. The institution of the ABC enforcement action Appellants admit was initiated in response to Appellants' "non-compliance with [public health] orders." (*Id* ¶ 18.) They allege that the "continuation of the enforcement action against Brewed, including up to the revocation of its alcohol license, was an adverse action . . .." (*Id.* at ¶ 38.) As recognized by the District Court, it is "illogical to suggest that the continuation of [an action] that was already under way could possibly be retaliatory." (Order, RE 26, Page ID# 424 (quoting *Ryan v. Blackwell*, 979 F.3d 519, 525 (6th Cir. 2020)).) Further, the District Court correctly found that ABC "had an independent basis to revoke Brewed's license." (*Id.*) ABC had no obligation to discontinue enforcement proceedings that were based on independent violations of

Ky. Rev. Stat. Ann. § 244.120. Thus, Appellants failed to plausibly allege an adverse action. (*Id.*)

Further, as the District Court concluded, "the long duration between the Plaintiffs' speech and the Defendants' actions is a weak indicator, if any, of causation." (Order, RE 26, Page ID# 425.) As the District Court stated, the Complaint alleges that Appellees "'persisted with enforcement' on May 21, 2021, 'directed that no[] settlement be offered' in late summer of 2021, and finally revoked the license on March 4, 2022." (Order, RE 26, Page ID# 425). The District Court found that "the first adverse action complained of occurred more than five months after the Plaintiffs supported Governor Beshear's impeachment." (*Id.* at 426.) The Court further observed the license revocation occurred two years after Plaintiff began criticizing the Governor. (*Id.*) The District Court concluded "[t]his five-month to two-year duration between the speech and action [to be] insufficient to plausibly allege causation." (*Id.* (citing *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999) (finding that temporal proximity of "two to five months" between protected conduct and adverse action is insufficient); *Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 605 (6th Cir. 2022) (finding that a three-month proximity was "a firm indicator of a lack of a causal link")).)

The District Court determined that the allegations that Appellees knew about and disapproved of Appellants' criticism of the Governor, "coupled with a weak

temporal link, do not satisfy the causation element." (*Id.* (internal citation omitted)) The Court then determined that "causation is further lessened because the enforcement action was already existing." (*Id.* (internal citation omitted).) The District Court concluded, "This fails to establish that the protected conduct was a motivating factor behind any adverse action." (*Id.* (citation omitted).)

Alternatively, the District Court found that even if Appellants had sufficiently alleged causation, there were "multiple, independent bases to revoke Brewed's license." (*Id.* at 427citing record 23-4 at 1-2.)

The Court should affirm the District Court's dismissal of Appellants' First Amendment retaliation claim as to Mr. Duke.

### B.     Appellants Cannot Prevail on Their Due Process Claims Against Defendant Duke.

Procedural and substantive due process claims require a plaintiff to allege that the deprivation of that interest contravened the notions of due process. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The District Court correctly ruled that Appellants' Complaint fails to state a due process claim.

#### 1.     The Complaint fails to allege a procedural due process violation against Duke.

"Procedural due process rules are meant to protect persons not from deprivation, but from the mistaken or unjustified deprivation of life, liberty, or

property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978). As the District Court determined, procedural due process "'does not require that the government refrain from making a substantive choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide 'due process' before making such a decision.'" (Order, R. 26, Page ID # 427-428) (citing *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

Here, Appellants do not allege that they were denied notice and a hearing prior to the revocation of Brewed's alcohol license. Rather, there is no dispute that they were given a hearing. (Complaint, RE 1, Page ID# 8, ¶ 31 ("On or about May 21, 2021 the license revocation matter came for hearing.")) Instead, Appellants assert that legislation passed during the pendency of the enforcement proceedings against Brewed should have caused ABC to cease the action. Procedural due process under the Fourteenth Amendment, however, guarantees a right to process, not the right to be free from process. *See Howard v. Grinage*, 82 F.3d at 1349. Thus, Appellants "do not allege a plausible procedural due process violation." (Order, RE 26, Page ID# 428.)

This Court should affirm the District Court's decision to dismiss the procedural due process claim as to the Mr. Duke.

> **2. The Complaint fails to allege a substantive due process violation against Duke.**

"Substantive due process protects the right to be free from 'arbitrary and capricious' deprivations by government actors" (Order, RE 26, Page Id# 429 (citing *Bowers v. City of Flint*, 325 F.3d 758, 763 (6th Cir. 2003)). Substantive due process provides protection "'from government actions that 'shock the conscience.'" *Id.* (quoting *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014)). As the District Court noted, "Where a plaintiff challenges a state administrative action under substantive due process, the 'scope of review by the federal courts is extremely narrow.'" (Order, R. 26, Page ID # 429) (citing *MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011)).

The Complaint alleges the enforcement action was "arbitrary and capricious and involved the singling out of Plaintiffs." (Complaint, RE 1, Page ID# 11, ¶ 46.) A substantive due process claim that a defendant's actions were arbitrary and capricious requires a plaintiff to establish that the actions were not related to a legitimate government interest. *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997). Moreover, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." (Order, R. 26, Page ID # 430)

As the District Court noted, "[h]ere, the Plaintiffs argue that the Defendants had no rational basis for continuing the enforcement against Brewed because the Kentucky legislature passed a law that prohibited agencies from enforcing executive orders related to COVID restrictions." (Order, RE 26, Page ID# 430.) However, as

the District Court found, "even if the change in state law abrogated this ground for enforcement, the enforcement rested on other, independent grounds." (*Id.*) Specifically, "[t]he enforcement action was also based on KRS 244.120, which prohibits a licensed establishment from 'acts constituting disorderly behavior.'" an independent basis for the action that does not rely on the Governor's executive orders. (*Id.*) As held, "Kentucky certainly possesses a legitimate interest in 'regulating the types, modes, and circumstances of alcohol sales.'" (*Id.* (quoting *37712, Inc. v. Ohio Dep't of Liquor Control*, 113 F.3d 614, 620 (6th Cir. 1997)).)

The District Court also correctly rejected Appellants' substantive due process claim based on the allegation that they received disparate treatment. (Order, RE 26, Page ID## 430-31.) Appellants do not dispute that the ABC commenced administrative enforcement proceedings against Brewed based upon then-existing violations. There is no evidence that Brewed was handled in a different manner than other businesses. Appellants do not plausible allege that enforcement against them was arbitrary and capricious.

As the District Court determined, Appellees possessed a 'conceivable legitimate government interest' for the continuation of the enforcement action: KRS 244.120, (ORDER, RE 26, Page ID# 431.) Appellants' Complaint fails to raise a plausible substantive due process claim, and this Court should affirm the District Court's decision to dismiss the claim as to Mr. Duke.

## CONCLUSION

As the District Court held, Appellants' Complaint fails to set forth a plausible claim against Wesley Duke. Further, the doctrine of qualified immunity bars this suit against him, and the Complaint fails to state a claim upon which relief can be granted. This Court should affirm the District Court's Order dismissing the Complaint as to Wesley Duke.

/s/ LeeAnne Applegate
LeeAnne Applegate
Deputy General Counsel
Cabinet for Health and Family Services
Office of Legal Services
275 East Main Street
Frankfort, KY 40621
(502) 564-7905
LeeAnne.Applegate@ky.gov

*Counsel for Wesley Duke*

## CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32 and the type-volume limitation because it contains 4121 words and uses proportionally spaced typeface of Times New Roman in 14 point.

/s/ LeeAnne Applegate

CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, I electronically filed the foregoing Response via the Court's CM/ECF system, causing all counsel of record to be served.

<u>LeeAnne Applegate</u>

*Counsel for Wesley Duke*

ADDENDUM

| RE # | Document | Page ID # |
|---|---|---|
| 1 | Complaint | 1 |
| 26 | Memorandum Opinion & Order | 409 |
| 35 | Notice of Appeal | 500 |
| | | |
| | | |
| | | |